Elevator Supply & Repair Company, Appellee, v. Biddle-Murray Manufacturing Company, Appellant.

### Gen. No. 15,088.

PRINCIPAL AND AGENT—*effect of ratification*.  If a letter assuming a liability is unauthorized when written by an agent, a subsequent ratification of such letter by the principal supplies the want of initial authority.

Action commenced before justice of the peace.   Appeal from the County Court of Cook county; the Hon. W. C. DE WOLF, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1908.   Affirmed.   Opinion filed June 28, 1910.

ALFRED E. CASE, for appellant.

JAMES J. LEAHY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This action was commenced before a justice of the peace by the Elevator Supply & Repair Company, appellee, against the Biddle-Murray Manufacturing Company to recover a bal-

ance of $63.98 alleged to be due the plaintiff on an outstanding account. Judgment was entered against the defendant for that amount. An appeal was prosecuted to the County Court, where a jury was waived and the cause was submitted to the court for trial. Upon hearing the evidence the court found for the plaintiff, and entered a judgment against the defendant for $63.98. This further appeal is prosecuted to reverse that judgment.

The only question presented on this appeal is as to the liability of the defendant for the balance of account sued for. The record shows that this account was due to the plaintiff from the Biddle-Murray Manufacturing Company, an Illinois corporation. On August 20, 1908, Alfred E. Case purchased and took over all the property and assets of the Illinois corporation, and became the sole owner of the business. He then organized the defendant company under the laws of the State of Maine, with a capital of $300,000, for the purpose of continuing the same business—manufacturing automobile trucks. Case personally transferred all the property and assets of the Illinois company to the Maine company.

In our opinion the evidence shows that the defendant, by its general manager, Alfred E. Case, assumed and agreed to pay the account sued on, both by the letter of October 11, 1906, to the plaintiff, and by the oral agreement made by Case, as such general manager, and as such agent and attorney for the defendant while this action was pending before the justice of the peace. The letter says: "We have assumed the liabilities and beg to state that your account will be paid within the next sixty days." This letter was acquiesced in by the general manager of the defendant with full knowledge of its terms, and was never repudiated or disavowed by the defendant, after its general manager and principal stockholder had knowledge of it, but on the contrary it was ratified and approved by Case, who conducted, as he testifies, all the business of the defendant. If the writing and mailing of the letter was unauthorized at the time it was written, as it is claimed, it was thus ratified and confirmed. Atwater v. American Ex-

change Natl. Bank, 152 Ill. 605; Lake St. Elev. R. R. Co. v. Carmichael, 184 Ill. 348; Ragland v. McFall, 137 *id.* 81.

In our opinion the evidence sustains the judgment which is accordingly affirmed.

*Affirmed.*