# Barney Coal Co. *v.* Hyche.

*Damage for Personal Injury.*

(Decided May 21, 1914.   Rehearing denied June 16, 1914.
65 South. 798.)

1. *Master and Servant; Injury to Third Person; Evidence.*—The evidence in this case examined and held not sufficient to take to the jury the question of whether the tie which struck plaintiff was thrown by a servant of defendant.

2. *Appeal and Error; Record; Filing Time.*—Although the transcript was not filed on the first Monday after the expiration of the twenty days for taking the appeal as provided by section 2870, Code 1907, yet where the transcript was filed 30 days before the cause could possibly be submitted, the appeal will not be dismissed.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Lee Hyche against the Barney Coal Company for damages for personal injury by being struck

with a cross tie. Judgment for plaintiff and defendant appeals. Reversed and remanded.

GRAY & WIGGINS, for appellant. The evidence was not sufficient to submit to the jury the question of defendant's negligence or to show that the person who threw the cross tie was a servant of defendant.—*Palos C. & C. Co. v. Benson*, 39 South. 727; *Mayer v. Bldg. Co.*, 116 Ala. 634; s. c. 104 Ala. 611; *Goodloe v. M. & C. R. R. Co.*, 107 Ala. 233; *L. & N. v. Richards*, 13 South. 944; *So. Ry. v. Bush*, 122 Ala. 487; *McCauley v. T. C. & I.*, 9 South. 611; *Lynn's Case*, 103 Ala. 136.

RAY & COONER, for appellee. The appeal should be dismissed, as it was not filed on the first Monday after the expiration of the twenty days.—§ 2870, Code 1907; *Porter v. Martin*, 139 Ala. 318; *Swain v. State*, 7 Ala. App. 5; *So. Ry. v. Abraham*, 161 Ala. 371; *Sears v. Kirksey*, 81 Ala. 98. The evidence is sufficient to sustain the finding of the jury, and the court properly declined to take the question from the jury.—*Louis Art Co. v. Agricola*, 53 South. 145; *Lewman v. Andrews*, 29 South. 692; *Dunn v. Gunn*, 42 South. 686.

MAYFIELD, J.—This is an action to recover damages for personal injuries. Plaintiff (appellee here) was stricken by a piece of timber, a cross-tie, used for tram tracks in a coal mine, falling or being thrown from defendant's coal tipple, which was elevated above the ground some 15·or 20 feet. Plaintiff, at the time of the injury, was walking under or near this tipple. Whether or not he was in a road, or near the road leading under or near the tipple, was a disputed fact. As to how the cross-tie fell, or whether it was thrown or dropped from the tipple, and if thrown or dropped, by whom, the evidence in this record utterly fails to disclose.

The cause of action is alleged in varying phraseology as follows: "While plaintiff was walking along (or near) a road near Barney Mines in Walker county, Ala., which mines were being operated by this defendant, one of the servants of the defendant, whose name is to the plaintiff unknown, and who was acting at the time within the line and scope of his employment, negligently threw, or negligently permitted to fall, a piece of timber from a trestle or tipple of defendant, which timber struck plaintiff's head, and crushed his skull, bruised his head, bruised other parts of his body, and injured his brain and spinal column."

The only testimony tending to show how the cross-tie came to hit plaintiff is the testimony of plaintiff himself, and is as follows:

"I received my injury by a tie being thrown off the tipple. The tipple is higher in some places than others. The place where I was injured the tipple looked to be about 20 feet high, maybe more. That is my best judgment. The tie struck me right on top of my head. It was a mine tie that they use in the mines; it was about 4½ or 5 feet long, and about 4 inches around, a 4 by 3, or 3½, something like that. It was a good-sized mining tie. The best of my recollection it was an oak tie, and it fell from on top of the tipple. A colored fellow by the name of George Webb threw it off. He was working for the Barney Coal Company."

On cross-examination it was shown that plaintiff did not know how the tie happened to fall, or whether it was thrown, or who let it fall or threw it, if it so fell or was thrown. On his cross-examination the following is shown by the bill of exceptions: "I know of my own knowledge who threw the timber. I didn't see him throw it though. I never saw him throw it. The only way I know who threw it was what somebody told me, and that is the only way I have of knowing who threw it.

At this point, defendant moves to exclude the statement of the witness that George Webb, who was working for the Barney Coal Company threw the timber. The same was excluded by the court in the following statement to the jury: 'The statement that Webb threw the timber is excluded from you, gentlemen.' The court further stated: 'I am not excluding that part that said it came from off the tipple.' "

On his direct examination as follows: "I was walking along when the tie struck me. I had just stepped out into the road when it struck me. I never knew anything about it falling until it had struck me."

This is all the record shows, as to the cause of the tie's falling, or being thrown upon plaintiff. It was not shown that the mine was being operated on the day of the accident, or that any agent or servant of the defendant was on or about the tipple when the injury happened. The negligence alleged was not proven and the trial court erred in not giving the affirmative charge requested by the defendant. It is therefore unnecessary to notice the other errors assigned.

There is no merit in the motion to dismiss the appeal because the transcript was not filed within time. The appeal was not prefected until the 19th day of January, 1914, and the transcript was filed March 20, 1914, which was 30 days before the cause could possibly be submitted, the first call of the division to which the case belonged being April 20, 1914, and the case was actually submitted on the 21st day of April, the first day on which the court took submissions. Therefore it appears that no possible injury resulted from the failure to file the transcript on the first Monday after the expiration of 20 days from the taking of the appeal, as directed by the statute (Code, § 2870). We have uniformly declined to dismiss appeals in cases like this.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ.,
concur.

IN RESPONSE TO APPLICATION FOR REHEARING.

MAYFIELD, J.—The statement in the opinion that
there was no evidence as to how the accident happened,
except that of the defendant's which was excluded, was
inaccurate. There was the testimony of another wit-
ness by the same name as plaintiff, who did testify that
he saw the accident; and his testimony as to the mat-
ter was as follows: "I saw the timber thrown on him;
a negro threw it off from the top of the tipple, from the
top house on the Barney Coal Company tipple."

This evidence, however, does not at all affect the re-
sult of this appeal. This did not show that the negro
was a servant or an agent of the defendant, nor that, in
throwing the timber off, he was acting in the line or
scope of his authority, as is alleged in the complaint. So
far as this evidence is concerned, the negro could as
well have been the servant or agent of no one in partic-
ular, or the servant or agent of a third party, as that
of the defendant, in throwing off the tie. This evidence
is wholly silent as to the capacity in which the negro
was acting, in throwing the timber.

There was no evidence having the slightest tendency
to show that the person who threw the timber off was
therein the servant or agent of the defendant, or, if such
servant or agent, that he was, in so doing, acting with-
in the line and scope of his authority. That fact was
an actual, and of course a material, allegation of the
complaint; and, as there was no proof whatever to sup-
port it, it could not be established, and the plaintiff
could not recover.