# Barney Coal Co. v. Hyche.

### Personal Injury.

(Decided March 3, 1916. Rehearing denied July 11, 19166.
72 South. 433.)

1. **Negligence; Pleading.**—Where the complaint alleged that when plaintiff was injured by a falling cross tie, plaintiff was walking near a coal tipple of defendant, and was traveling a road used by the public over and along which people passed and drove teams, and the public generally traveled, it did not show that plaintiff was a trespasser at the time he was injured, and hence, was not demurrable as such.

2. **Charge of Court; Oral Charge.**—A statement by the judge that his oral charge should be considered with the written charges given, was not improper as a qualifification of the oral charge, nor was it otherwise erroneous.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Lee Hyche against the Barney Coal Company for damages for personal injuries. Judgment for plaintiff and defendant appeals. Affirmed.

GRAY & WIGGINS, and BANKHEAD & BANKHEAD, for appellant. RAY & COONER, for appellee.

GARDNER, J.—Suit for recovery of damages for personal injuries, received by plaintiff while walking along a roadway near a coal tipple of defendant, and caused by a cross-tie falling or being thrown from said tipple and striking plaintiff on the head. This is the second appeal in this case. See *Barney Coal Co. v. Hyche*, 187 Ala. 520, 65 South. 798. The cause proceeded to trial upon counts 1, 2, A, and B, and resulted in judgment for plaintiff, from which defendant prosecutes this appeal.

(1) The argument of counsel for appellant in support of the demurrers to the complaint seems to rest upon the theory that

[Barney Coal Co. v. Hyche.]

the averments of the complaint show plaintiff to have been a trespasser and in such situation that defendant owed him no duty to keep a lookout for him or other travelers of the road. The original complaint averred that plaintiff, at the time he received the injuries complained of, was walking "along a road where he had a right to be;" but there were several amendments to the complaint, and as last amended it alleged that the "road upon, along, or over which he was traveling was a road used by the public, and over and along which people drive teams, and over and along which people pass, said road being at the time a highway or road over which the public generally traveled."

There was but slight variance between the averments in the first and second counts as last amended, and the demurrers thereto are argued as presenting one point. The authorities cited in support of the ruling on counts 1 and 2 as amended are also applicable to counts A and B. The complaint was not subject to the demurrers interposed.—*Dunn & Lallande v. Gunn,* 149 Ala. 583, 592, 42 South. 686; *Lewman Co. v. Andrews,* 129 Ala. 170, 29 South. 692. A careful examination of the record discloses that there was sufficient evidence tending to support the material averments of each count of the complaint for submission to the jury, and a lack of any material variance between the averments thereof and the proof. The affirmative charge requested was therefore properly refused.

A few of the assignments of error relate to rulings on evidence, but the allusion thereto in brief of counsel for appellant can hardly be said to amount to an argument such as calls for a consideration thereof here. We have, however, examined the same, and find them without merit.

(2) The portion of the oral charge of the court excepted to by defendant, to the effect that the written charges given were to be considered by the jury in connection with the oral charge, was entirely proper and free from error, and was not a qualification of the oral charge.—*Callaway & Truitt v. Gay,* 143 Ala. 524, 39 South. 277.

We have considered all questions argued by counsel for appellant, and find no reversible error. The judgment of the court below is accordingly affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.

[Stokes v. Hinton.]

PER CURIAM.—After the application in this case was overruled the certificate of affirmance was recalled in order that the court might give the cause further consideration. It has been accordingly reconsidered, and while the court does not now wish to commit itself to the sufficiency of counts 1 and 2 as amended, or to indorse the soundness of all that was said in the cases of *Dunn, etc., v. Gunn*, 149 Ala. 583, 42 South. 686, and *Lewman & Co. v. Andrews*, 129 Ala. 170, 29 South. 692, we are of the opinion that the trial court did not err in overruling the grounds of demurrer that were interposed. Hence the judgment of affirmance must stand and the recall of the certificate of affirmance is canceled.