THE LAKE STREET ELEVATED RAILROAD COMPANY

*v.*

HARRIET K. CARMICHAEL.

*Opinion filed February 19, 1900.*

1. CORPORATIONS—*what will not support allegations of plea of ultra vires.* Allegations in a plea of *ultra vires* that defendant, a corporation, had executed the guaranty sued upon to accommodate the maker of the note and secure his own debt are not sustained by evidence that the guaranty was given to secure a note for purchase money on lots conveyed to an employee of the corporation, who took title in his name to accommodate the corporation, to which he afterwards transferred the property.

2. SAME—*what will not authorize finding that corporation's purchase of real estate was ultra vires.*  A finding that a corporation having power to purchase necessary real estate had exceeded its powers in purchasing five lots and guaranteeing the purchase money, is not authorized by evidence that the corporation's attorney, when negotiating for the lots, said that but two of the lots were needed, which the owner refused to sell apart from the others.

3. SAME—*when an act not authorized by board of directors is ratified.*  A guaranty of a note for a deferred payment on lots purchased by a corporation, executed in the name of the corporation by its president, may be enforced though not authorized by the board of directors, when ratified by the subsequent acts of the corporation in paying interest, requesting extension of time and retaining title to the property, although offering to re-convey part of it subject to a general mortgage on the corporate property.

*Lake Street El. R. R. Co.* v. *Carmichael*, 82 Ill. App. 344, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

KNIGHT & BROWN, and WILLIAM G. ADAMS, for appellant.

WILLARD & EVANS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee recovered a judgment in the superior court of Cook county, against appellant, upon a guaranty endorsed on the back of a promissory note of one Miller, payable to appellee, in the sum of $2500 and interest. Said guaranty was as follows:

"For value received, the Lake Street Elevated Railroad Company hereby guarantees the prompt payment of the within note at its maturity.

LAKE STREET ELEVATED RAILROAD CO.
By JOHN A. ROCHE, *President.*"

The pleas were, first, non-assumpsit verified; and second, that the defendant is a corporation organized under the act in force March 1, 1872, for constructing and main-

taining railways, and for no other purpose, and that the plaintiff sold a tract of land, consisting of five certain lots, to Miller, and that for a part of the purchase money Miller made and delivered to plaintiff the note described in the declaration, and that for the accommodation of Miller, and to secure his said individual indebtedness, the defendant executed and delivered said pretended guaranty, and that the defendant had no power or authority to bind itself, as surety or guarantor, for the debt or obligation of another, and that the execution of said guaranty was and is *ultra vires* and void.  Issues were joined on these pleas, and after the evidence was heard the court instructed the jury to find for the plaintiff the amount of the note, and interest.

The evidence showed that the defendant, by its attorneys, negotiated with the plaintiff to purchase two of said five lots over which to construct a branch of its road, but the plaintiff refusing to sell less than the whole, defendant purchased all of them for the total sum of $7500, and paid therefor in cash $5000, and to secure the remaining $2500, and to avoid giving its own mortgage, caused the conveyance of the property to be made to Miller, who was a clerk in the office of the company's attorneys, and to have Miller execute the necessary papers. The five lots were conveyed to said Miller and Miller gave his said note for the unpaid part of the purchase money, upon which note said guaranty was then executed by the president of the company on its behalf. The note was further secured by a deed of trust from Miller on three of said lots, and thereupon Miller, who paid nothing and had no personal interest in the transaction, conveyed the five lots to the company.

The only defenses relied on by the company important to be noticed are:  First, (and this is the defense most strenuously insisted upon) that the contract was and is *ultra vires* the corporation and therefore void; and, second, that even if not *ultra vires*, it cannot be enforced

because it was not authorized by the board of directors of the corporation, and that its president had no authority to execute it on behalf of the corporation.

We are of the opinion that there was no evidence to sustain defendant's plea of *ultra vires*, and that as to this defense the jury was properly instructed for the plaintiff. The gist of the plea was, that the guaranty sued on was given for the accommodation of Miller, the maker of the note, and to secure the payment of it as his debt, and that the company had no power to bind itself, as surety or guarantor, for the debt or obligation of another, and that for that reason the contract of guaranty was *ultra vires* and void. Instead of sustaining this plea the evidence was that the debt was in reality the debt of the company, and that it was evidenced and put in the form shown for its benefit and accommodation, and that Miller had no interest whatever in the transaction. There was no allegation in the plea that the company had no power to purchase and acquire the property and to give its obligation for the purchase money. Appellant has, however, argued the case here as if such a plea had been interposed. If corporations must be discharged from the payment of their honest debts on the ground that they have no corporate power to contract them, they must at least, like other suitors, make the allegations of their pleadings correspond with the proofs. But the evidence itself, without regard to the pleadings, fails to show that the company did not have power to purchase the whole of the five lots and to give the obligation sued on to secure the payment of the purchase money. By its charter given in evidence it was authorized to construct its line or lines of road "from a point at or near the east end of Lake street, in the city of Chicago, county of Cook and State of Illinois, in a westerly direction, upon or near said Lake street and the extension thereof, to the west line of said Cook county, together with such feeders, loops, switches and branch lines from such point or points

in said Cook county as the board of directors of said company may deem advisable." It had the power to acquire the necessary real estate, and the only evidence that the five lots in question were not so necessary was, that in negotiating for the purchase the attorney for the company said it did not need or want but two of them. The company did, however, purchase all of them. It would seem clear that a finding in its favor that the company exceeded its charter powers in purchasing the five lots and giving the guaranty sued on for the purchase money, or a part of it, would not have been authorized by such evidence. There was therefore no error in so instructing the jury.

Upon the other question, a by-law of the defendant was given in evidence, to the effect that all of its officers and agents were prohibited from creating any debt or obligation for or on account of the company except by direct authority of its board of directors, and testimony that upon examination of the books and records of the company and its directors no entry or record could be found of any action of the board concerning the transaction in question. The execution of the guaranty in the name of the company, by its president, was admitted but his authority was denied. There was no evidence that appellee had any knowledge or notice of the by-law in question, and it was proved that the company had accepted and retained the title to the five lots, (although it had offered to re-convey three of them to appellee subject to a general mortgage on all of its property which had attached to them,) and it was proved, also, that the company had paid one year's interest on the note and had applied for and obtained an extension of time in which to pay the principal. These acts of the company, which were not denied, were a clear ratification of the obligation which had been entered into in its name by its president, and we need not consider the question of antecedent authority. When the company ratified the execution of

the instrument of guaranty and acknowledged its binding force by adopting it as its act, its relation to the guaranty was precisely the same as it would have been had it authorized the execution of the instrument in the first place. (*Paul* v. *Berry*, 78 Ill. 158.) There was no evidence on which a verdict for the defendant could have been based, and it was not error for the court to direct a verdict for the plaintiff.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*