# Baker *v.* Central of Georgia Railway Co.

## Damages for Causing Overflow of Land.

(Decided Feb. 10, 1910. 51 South 796.)

1. *Appeal and Error; Motion to Strike Bill of Exceptions; Time of Signing.*—In order to withstand a motion to strike a bill of exceptions it must appear from the bill when it was signed, and that it was signed within 90 days from the time presented as required by section 3019, Code 1907, nor is this rule changed by section 3020, Code 1907.

2. *Same; Presumptions and Burden of Proof.*—In the absence of proof that a bill of exceptions was signed within the time required by law no presumption is indulged that it was, and the burden is on the appellant to show this; section 3020, Code 1907, does not change this rule.

3. *Bill of Exceptions; Time of Signing; Endorsement.*—The order of endorsement and signing of the bill was as follows: "And now on this the 28th day of August, plaintiff presents this. his bill of exceptions to Hon. H. A. Pearce, judge of the 12th judicial

circuit of Alabama, for approval, and asks that the same be signed and approved by him as required by law (signed) H A. Pearce, Judge of the 12th Judicial Circuit. Filed with me in person this Aug. 28th, 1908. H. A. Pearce, Judge of the 12th Judicial Circuit." Held, to show only when tendered and presented, and not to show when approved and signed.

4. *Same; Time of Signing.*—The bill of exceptions not shown to have been signed within 90 days after it was presented must be stricken on motion made in the appellate court. (Section 3019, Code 1907.)

5. *Appeal and Error; Non-Suit; Bill of Exceptions.*—Where an appeal is from a non-suit with bill of exceptions and the bill is stricken, and the record does not show that the non-suit was taken on account of the adverse ruling on demurrer shown by the record proper, there is nothing left for review, and the cause must be affirmed

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Joe Baker against the Central of Georgia Railway Company for damage to land by overflow. Judgment for defendant and plaintiff appeals. Affirmed.

R. D. CRAWFORD, and A. E. PACE, for appellant.— Counsel discuss the motion to strike the bill of exceptions and insist that there is no showing that the bill was not signed within the time required by law, and it appearing that the bill was in fact approved by the judge, it would be presumed that it was signed and approved within the time allowed by law. Counsel also discuss the merits of the appeal and cite authorities to sustain their contention, but it is not deemed necessary to here set them out.

FOSTER, SAMFORD & CARROLL, for appellee.—Counsel insist that the bill of exceptions should be stricken under the express provisions of section 3019, Code 1907, and that no presumption will be indulged, that it was signed and approved within the time.—*Morris v. Brannon & Son,* 103 Ala. 602, and authorities there cited.

Counsel also discuss the merits of the case, and cite authority in support of their contention.

MAYFIELD, J.—The bill of exceptions in this case must be stricken on the appellee's motion. It is not made to appear when the bill of exceptions was signed, nor that it was signed within 90 days from the time it was presented to the trial judge. This much is necessary, to withstand the motion of appellee to strike. The statutes regulating the time and mode of presenting and signing bills of exceptions are as follows: "When Bill Signed.—Bills of exceptions may be presented at any time within 90 days from the day on which the judgment is entered, and not afterwards; and all general, local, or special laws or rules of court in conflict with this section are repealed, abrogated, and annulled. The judge must indorse thereon and as a part of the bill, the true date of presenting, and the bill of exceptions must, if correct, be signed by him within ninety days thereafter."—Code, § 3019.

The bill appears to have been presented within the time required. The judgment was entered on the 11th day of August, 1908; and the bill was presented to the judge on the 28th day of August, 1908—only 14 days after the rendition of the judgment; but it does not appear when it was signed. It is as necessary that it should appear when it was signed as when it was presented. If it was made to appear, by the indorsement of the judge or otherwise, that it was signed within 90 days from presentation, or within the time prescribed by law, it would be sufficient; but this does not appear by the indorsement or otherwise. The burden is on the appellant to show that his bill was signed within the time required by law. There is no presumption, in the absence of proof, that it was so signed.

[Baker v. Central of Georgia Railway Co.]

Before the adoption of the present Code a bill would be stricken, on motion of appellee or by the court ex mero motu, unless it appeared that the bill was signed within the time required by law. The statute now provides that the bill may be stricken only on appellee's motion. The statute is as follows: "Striking Bills of Exceptions, and Declining to Consider Them Because Not Signed Within Time Required.—The Supreme or appellate court may strike a bill of exceptions from the record or file because not signed within the time required by law, but shall not do so ex mero motu, but only on motion of a party to the record or his attorney."— Code, § 3020. This statute does not change the rule as to the necessity of its being made to appear that the bill was signed within the time required by law, nor change the rules as to the presumptions or burden of proof in the matter, but merely provides that the bill shall not be stricken by the court ex mero motu.

The order of indorsement and signing of the bill of exceptions is as follows: "And now on the 28th day of August, the plaintiff presents this his bill of exceptions to Hon. H. A. Pearce, judge of the Twelfth judicial circuit of Alabama, for approval, and asks that the same be signed and approved by him as required by law. (Signed) H. A. Pearce, Judge of the Twelfth Circuit. Filed with me in person this August 28, 1908. (Signed) H. A. Pearce, Judge of the Twelfth Circuit." There is nothing here to show when the judge approved or signed the bill, but only when it was presented or tendered. It was open for either party to show when the bill of exceptions was actually signed; but the burden is on appellant to show that it was signed within the time authorized, in order to withstand appellee's motion to strike. If the indorsements on, or recitals in, the bill showed that it was signed within time, this would be sufficient.

in the absence of other proof; but there is absolutely no evidence that the bill was signed within 90 days after it was presented. On this state of the record, the bill must be stricken, under a long and unbroken line of decisions.—*Wood v. Brown*, 8 Ala. 563; *Kitchen v. Moye*, 17 Ala. 143; *Haden v. Brown*, 22 Ala. 572; *Markland v. Albes*, 81 Ala. 433, 2 South. 123; *Bryant v. State*, 36 Ala. 270; *Union Co. v. Mitchell*, 37 Ala. 314; *Bass v. Glasscock*, 86 Ala. 244, 6 South. 430; *Ladd's Case*, 92 Ala. 58, 9 South. 401; *Rosson v. State*, 92 Ala. 76, 9 South. 357; *Cooley v. U. S., etc., Ass'n*, 132 Ala. 590, 31 South. 521; *Driver v. King*, 145 Ala. 585, 40 South. 315; *Carroll v. Warren*, 142 Ala. 397, 37 South. 687.

This being an appeal from a "nonsuit with a bill of exceptions," which is specifically authorized in certain cases, and the bill being stricken, there is nothing left for us to review. The record does not show that the nonsuit was taken on account of the adverse ruling on the demurrer which is shown by the record proper. And the judgment appealed from must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.