# Tennessee C. I. & R. R. Co. *v.* Perry.

*Assumpsit.*

(Decided February 10, 1914. 64 South. 651.)

1. *Estoppel; Conduct.*—One asserting an estoppel by conduct or representation must have acted or failed to act in reliance thereon.

2. *Bill of Exceptions; Failure to Sign; Effect.*—If the bill of ex-ceptions was not signed by the judge within the time required by

section 3019, Code 1907, after judgment entered, it will have to be stricken, notwithstanding it was kept open at the request of counsel of appellee, to enable appellee to insert a copy of the oral charge; that being a matter between the judge and appellee's counsel with which appellant was not concerned.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Henry Perry against the Tennessee, Coal, Iron & Railroad Company, to recover wages under an alleged contract. Judgment for plaintiff and defendant appeals. Affirmed.

PERCY, BENNERS & BURR, for appellant. Counsel discuss the case on its merits, with citation of authority, but in view of the opinion it is not deemed necessary to here set them out. On the motion to strike the bill of exceptions counsel insist that under the facts all the elements of an estoppel are present in this case, and that appellee should not now be heard to say that the bill should be stricken, as it was presented within the time required, and was not signed because the judge held it open at the request of appellee's counsel.

ESTES, JONES & WELCH, for appellee. The case should be stricken because the bill of exceptions was not signed within the time required by law.—Sec. 3019, Code 1907; *Leeth v. Kornman, et al.,* 56 South. 757; *Pritchard v. Fowler,* 55 South. 147; *Tugle v. Wilson,* 60 Ala. 391. The only matters presented by the assignment of error are based on the bill of exceptions, and cannot be considered.—Authorities supra.

PELHAM, J.—This case is submitted on a motion to strike the bill of exceptions and on the merits. The proof offered in support of the motion to strike shows that the bill was presented to the trial judge on the

13th day of May, 1913, within the time required by law (i. e., within 90 days from the day on which the judgment was entered on February 18, 1913), and that the judge made an indorsement thereon, as required by statute (Code, § 3019), showing that the bill was presented to him on that date. The proof further shows, however, that while the bill purports to have been signed on August 5, 1913 (within 90 days from the date of presentation, as required by law), it does not bear the true date of signing, and was not in fact signed by the trial judge within 90 days after the date of presentation, but was signed by him after the expiration of the 90 days allowed, on, to wit, August 25, 1913.

The appellant insists that even though it should be conceded that the facts are as above stated, and that the bill of exceptions was not in fact signed within the time after presentation provided by statute, nevertheless it should not be stricken on this account. This contention is based on the idea that the failure of the judge to sign the bill within the time allowed was attributable to no fault on the part of the appellant or its counsel, but was due to the judge having been induced by counsel for appellee to delay signing the bill until the time allowed by law had expired, and that therefore the appellee ought not to be heard to say that the bill was not signed within the time.

It is shown, by the proof offered pro and con on the motion in this connection, that after the bill was presented to the judge on May 13, 1913, it was withdrawn for consideration by counsel for the appellee and appellant, and after the bill had been considered by counsel, and they had agreed on certain changes or alterations being made in the bill as originally presented, counsel for appellant returned it to the judge on August 1, 1913, with these agreed changes incorporated. At the time

the bill was returned to the judge with the corrections made in it as agreed upon by both parties, it did not contain the charge of the court given orally on the trial, but it was understood and agreed between the parties that said change should be transcribed from the stenographer's notes and incorporated in the bill of exceptions. Why this was not done within the time allowed for signing the bill after presentation does not .clearly appear, but it seems that some controversy arose over who should pay for having a transcript of the oral charge made. Anyway, it is shown that the judge retained the bill in his possession under these circumstances without having signed it until the time allowed by law for signing it had expired, and "a few days" *after* the 17th of August, 1913, turned the bill over, unsigned, to appellee's counsel for the purpose of having inserted in it the transcript of the oral charge that had been procured by appellee's counsel. This was done, and the bill returned by appellee's counsel to the judge *after* August 19, 1913, and the judge filed it with the clerk of the court on August 25, 1913, dated, as having been signed by him as of August 5, 1913, but in the clerk's affidavit is the following statement that is not controverted by anything contained in the affidavit of the judge: "Judge Gwin stated that the date at the foot of said bill of exceptions as August 5, 1913, was not the true date of the signing of said bill of exceptions by him, but that he had dated it back; * * * that the true date of signing said bill of exceptions by him was August 25, 1913, the date on which he presented it to affiant to be filed in his office." The judge in his affidavit states that the bill of exceptions was returned to him on August 1, 1913, "and that thereafter such bill of exceptions was kept open at the request of attorneys

for appellee in order that they might obtain and insert therein a copy of the court's oral charge."

It is the rule of estoppel by the conduct of appellee's counsel that appellant seeks to have applied in this case. Whether or not such an estoppel can be set up with respect to the mandatory requirements of the statutes relating to presenting and signing bills of exceptions is not necessary to decide, and we do not desire that it should be understood that we are passing upon that question, for, even if so, we cannot see where there is room for the proper application of this rule here, in the absence of any showing that the appellant or its counsel was induced to act or to omit to act to its or his prejudice by the conduct of appellee's counsel complained of.

It is a well-known general rule that a party setting up and relying upon such an estoppel must have acted or failed to act in reliance upon the conduct or representations of the party sought to be estopped. There was not even shown to subsist between the appellant or its counsel, and the appellee or his counsel, a privity in respect to the matter of the conduct of appellee's counsel sought to be set up as constituting an estoppel. Appellant and its counsel are affirmatively shown by the admission of appellant's counsel in affidavit filed contra the motion to have known nothing of this conduct on the part of appellee's counsel, complained of as constituting an estoppel, until long afterwards when the cause was submitted, and could not, of course, have relied upon something of which they had no knowledge or information.

The judge had the bill of exceptions in his possession under agreement of counsel on both sides as to what it should contain from August 1, 1913, until after the time allowed by law for signing expired. If, during

these 11 or 12 days within which he could have legally signed the bill it was "kept open" (not signed) by the judge at the request of counsel for appellee for the purpose of their obtaining and inserting a copy of the court's oral charge, and the time allowed by the judge to expire within which he had the right to sign the bill, this is a matter between the judge and counsel for appellee, to which appellant or his counsel is not a party, and the redress of the appellant for any injury suffered thereby, without fault on its part, is against the judge, who is charged with the duty of signing a correct bill of exceptions under penalty, for failure therein, of being guilty of a high misdemeanor in office. —Code, § 3020.

Under the provisions of section 3019 of the Code, "within ninety days" after presentation is the limit of the period of time during which the judge may legally sign a bill of exceptions to make it a part of the record, and the only other method is to establish a bill here upon proper showing made.—Code, § 3021; *Edinburg-American Land & Mtg. Co. v. Canterbury,* 169 Ala. 444, 53 South. 823. The undisputed evidence offered on the motion shows that the bill was not signed within 90 days after presentation, and what we have said in the case of *Leeth v. Kornman, Sawyer & Co.,* 2 Ala. App. 311, 314, 56 South. 757, 758, is appropriate to the facts shown in the present case: "An unbroken line of cases from the Supreme Court since the declaration to that effect in *Kitchen v. Moye,* 17 Ala. 394, hold that a strict compliance with the statutes relating to presenting and signing bills of exceptions is essential to give validity to the bill, and that, where there has been a failure to comply, the bill is not a record, and must be stricken from the transcript in the appellate court on motion."

See list of authorities cited in that case in support of the holding.

It seems that appellant's counsel is not chargeable with culpability in connection with the matter from the facts before us, but this does not alter the undisputed fact that a mandatory provision of the statute necessary to give vitality to the bill as a part of the record has not been complied with, and the motion to strike must prevail.

Only matters that can be presented by bill of exceptions are assigned as error, and, the bill of exceptions having been stricken on appellee's motion, the judgment appealed from will be affirmed.

Affirmed.