[Buck Creek Lumber Co. v. Nelson, et al.]

# Buck Creek Lumber Co. *v.* Nelson, *et al.*

## *Assumpsit.*

(Decided November 7, 1914.   66 South. 476.)

1. *Appeal and Error; Record; Striking Bill of Exceptions.*—Under section 3019, Code 1907, a bill of exceptions must be filed within ninety days from the date of the judgment, and where it appears · that it was not filed within that time it will be stricken on motion; a failure to file the bill within such period may be shown by parol.

2. *Contracts; Action; Breach; Complaint.*—A complaint in an action for a breach of contract need not show that the contract declared on was in writing.

3. *Corporations; Contracts; Powers of Officers and Agents; Limitations.*—Under subdivision 10, section 3446, Code 1907, a provision in the certificate of incorporation that the contracts of the corporation should be in writing, signed by its president and countersigned by its treasurer, was not a limitation upon its charter powers, but was in effect a by-law or regulation, not affecting the validity of contracts otherwise executed with persons who had no actual or imputed knowledge thereof; its liability in such case being one of agency as affected by the apparent scope of the authority of the agent acting for it.

4. *Same; Power; Ultra Vires.*—Strictly speaking, an act is ultra vires when it is not within the scope of the powers of the corporation to perform it under any circumstances, or for any purpose.

5. *Pleading; Replication; Necessity.*—Where the action was against a corporation for the breach of a contract, and the fact that, notwithstanding the alleged contract had not been reduced to writing, signed by its president and countersigned by its treasurer, its validity was thereafter recognized by a partial execution thereof, was admissible under the issues made by pleas of non est factum, and the general issue, replications to that effect were unnecessary; but the allowance of unnecessary replication was not reversible error.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Frank Nelson, Jr., and another, as partners, against the Buck Creek Lumber Company, for breach of contract. Judgment for plaintiffs, and defendant appeals. Affirmed.

The judgment from which the appeal was taken appears to have been rendered October 25, 1912, the bill of exceptions was filed with the judge January 22, 1913,

and appears to have been signed by the judge April 21, 1913. The affidavits show that the bill was really not signed until after May 1, 1913. There are no counter affidavits.

REESE & REESE, and POWELL & HAMILTON, for appellant. Counsel insist upon each assignment of error and reply upon the following authorities.—*Chewacla L. W. v. Dismukes*, 87 Ala. 344; *Cleveland S. F. Co. v. Greenville*, 146 Ala. 559; *So. Mut. Aid Co. v. Watson*, 154 Ala. 301; *U. S. S. F. & G. Co. v. Dothan*, 174 Ala. 487; Subd. 10, § 3446, Code 1907.

EUGENE BALLARD, and LEADER & EWING, for appellee. The bill of exceptions was not presented to the trial judge within ninety days, and this is mandatory, under § 3019, Code 1907. The bill should, therefore, be stricken.—*Leith v. Kornman, et al.*, 2 Ala. App. 311; *Rainey v. Ridgeway*, 151 Ala. 532; *Baker v. C. of Ga.*, 165 Ala. 466; *T. C. I. & R. R. Co. v. Perry*, 64 South. 651. Parol evidence is admissible to show that the bill was not presented as required by law.—Authorities supra. The assignments of error are too general, and are not sufficiently insisted upon.—*Mitchell v. Gamble*, 140 Ala. 545; Rule 10 Sup. Ct. Pr.; *Rhodes v. Charleston*, 148 Ala. 671. It was not necessary to allege whether the contract sued on was oral or in writing.—1 Ala. 52; 34 Ala. 129; 64 Ala. 29. There is an obvious distinction between an act done wholly without power to do it, and an act done within the powers of the corporation, although done informally.—10 Cyc. 1149. The act was ratified by the corporation by a partial performance of the contract.—*Simpson v. Harris*, 56 South. 969; 136 Pac. 174.

SAYRE, J.—Appellees' motion to strike the bill of exceptions must be granted. It seems quite clear that

the bill was signed long after the expiration of the period prescribed by the mandatory terms of the statute, section 3019 of the Code. Affidavits submitted on behalf of the motion so state the fact, and it is not denied. The deposition of the presiding judge has not been taken, and he has refused appellees' request for an ex parte affidavit, but the terms of that refusal, when construed in connection with the language of the request, leave no doubt that the judge, while refusing the request for an affidavit, was careful not to deny the fact that the signing of the bill had been deferred beyond the statutory limit. Rather, he admits the fact by assigning a reason for it. Had the fact been otherwise, it cannot in reason be doubted that some sworn affirmation to that effect would be found in the record.

The statute is imperative in its requirement. The limit fixed by it cannot be extended to suit the exigencies of parties or cases. If a correct bill of exceptions had been presented, appellant might have established it by a proceeding in this court. That remedy he has not sought. According to our cases the failure to observe the statute may be shown by parol, and, being shown, must result in the bill being stricken.—*L. & N. R. R. Co. v. Malone,* 116 Ala. 600, 22 South. 897; *Rainey v. Ridgeway,* 151 Ala. 532, 43 South. 843; *Baker v. Central of Ga. Ry. Co.,* 165 Ala. 466, 51 South. 796.

Answering the argument made in support of those assignments of error based upon the record proper, it was not necessary that the complaint should show that the contract alleged to have been breached was in writing.— *Whilden v. M. & P. Nat. Bank,* 64 Ala. 29, 38 Am. Rep. 1.

By several special pleas it was made to appear that defendant's certificate of incorporation contained a provision as follows: "That no draft, bill of exchange, check, no bond or other evidence of liability or contract

creating any liabilty on the part of the company shall be valid unless the same be in writing signed by the president and countersigned by the treasurer; and provided expressly that any liability otherwise created shall be null and void."

These pleas alleged that the contract mentioned in the complaint was not in writing signed by defendant's president and countersigned by its treasurer, and hence, these pleas conclude, the contract was ultra vires, void, and its breach constituted no cause of action. Demurrers to these pleas were sustained. In these rulings there was no error.

Subdivision 10 of section 3446 of the Code is as follows: "The certificate [of incorporation] may also contain any other provision which the incorporators may choose to insert for the regulation of the business and for the conduct of the affairs of the incorporation, the directors and stockholders, or any class or classes of stockholders; provided, that such provision be not inconsistent with this article or the Constitution of the state."

The argument for reversal goes upon the ground that those parts of the certificate of incorporation and of the statute appearing above have the effect of rendering the contract mentioned in the complaint void as being without the charter powers of the defendant corporation. We are not of that opinion. The requirement that contracts should be in writing, signed by the president and countersigned by the treasurer of defendant corporation, though appearing in the certificate of incorporation filed by the incorporators, is not a limitation upon the charter powers of the corporation, but is rather in the nature of a by-law, a rule of action prescribing merely a course or manner of corporate action without limiting the field in which such action may be taken. Strictly speaking, a corporate act is said to be ultra vires when

[Buck Creek Lumber Co. v. Nelson, et al.]

it is not within the scope of the powers of the corporation to perform it under any circumstances or for any purpose.—*Miners' Ditch Co. v. Zellerbach,* 37 Cal. 543, 99 Am. Dec. 300. The limitation that corporate contracts should be expressed in writing, signed by the president and countersigned by the treasurer, has not been imposed by the state. It does not enter into the constitution of the corporation; it is in essential nature a mere internal regulation, and as such it does not affect the validity of contracts executed without due observance of its prescription so far at least as concerns persons dealing with the corporation without actual or imputed knowledge of its by-laws.—*Lake Street, etc., R. R. Co. v. Carmichael,* 184 Ill. 348, 56 N. E. 372. The question of corporate liability in such case is one of agency as affected by the apparent scope of the authority committed to the agent who acts for the corporation, and strangers are not held to notice of by-laws placing special restrictions on the apparent authority of corporate agents.

It is to be further observed, and this of itself is enough to dispose of appellant's contention, that section 3446 of the Code relates to the mode of incorporation. The charter powers of corporations organized under the general laws of this state are laid down and fixed by article 5 of the Code which begins with section 3481.

For the reasons indicated above the demurrers to pleas 2, 3, and 4 were properly sustained.

In view of the principle adverted to above, replications, purporting to answer the pleas of the general issue and non est factum by showing that defendant, notwithstanding the alleged contract had not been reduced to writing, signed by its president and countersigned by its treasurer, did in fact thereafter recognize its validity, and in part execute the contract by which defendant's

agent had attempted to bind it, did, in short, bind itself, were wholly unnecessary, since the facts alleged in them were admissible under, and sufficient proof of, the complaint; but there was no reversible error in allowing their unnecessary reiteration in the form of replications.

No reversible error appears in the record, and the judgment will be affirmed.

Affirmed.

McCLELLAN, DE GRAFFENRIED, and GARDNER, JJ., concur.