(89 South. 58)

### Ex parte HILL. (6 Div. 203.)

(Supreme Court of Alabama. Feb. 10, 1921. Rehearing Denied April 28, 1921.)

**1. Appeal and error ⚖═655(2)—Exceptions, bill of ⚖═36(1)—Code provision as to signing bill of exceptions is mandatory, and bill must be stricken when not so signed.**

Code 1907, § 3019, requiring a bill of exceptions, if correct, to be signed by the trial judge within 90 days after presentation, is mandatory, and if the bill is not so signed it must be stricken by the appellate court on motion.

**2. Exceptions, bill of ⚖═36(1)—Code provision as to striking out bill does not alter the mandatory character of provision as to time for signing.**

Code 1907, § 3020, providing that the court on appeal shall not strike a bill of exceptions ex mero motu, does not take away the mandatory character of section 3019, requiring bills of exception to be signed by the trial judge within 90 days from presentation, and does not confer on the reviewing court a discretion as to striking on proper motion, and when a bill is not seasonably signed the court will not inquire into the reasons for the delay, but will remit the proponent of the bill to the remedy provided by Act Sept. 25, 1915 (Acts 1915, p. 816), amending Code 1907, § 3022.

Certiorari to Court of Appeals.

Application of William M. Hill for certiorari to Court of Appeals, to review and revise the judgment of said court rendered in the case of William M. Hill v. State of Alabama, 88 South. 295. Writ denied.

John W. Altman, of Birmingham, for appellant.

The fault of the opposing attorney in retaining the bill for more than 90 days ought to estop him from entering a motion to strike the bill, because not signed within the 90 days. Section 3020, Code 1907, is not mandatory, but leaves it discretionary with the court whether it will strike. 64 South. 651.

J. Q. Smith, Atty. Gen., for appellee.
No brief reached the Reporter.

SOMERVILLE, J. [1] Section 3019 of the Code is mandatory in its requirement that bills of exceptions must, if correct, be signed by the trial judge within 90 days after the date of presentation; and bills not so signed must be stricken on proper and seasonable motion. Baker v. C. of G. Ry. Co., 165 Ala. 466, 51 South. 796; Buck Creek Lbr. Co. v. Nelson, 188 Ala. 243, 66 South. 476; Deason v. Gray, 189 Ala. 672, 66 South. 646; Sellers v. Dickert, 194 Ala. 661, 69 South. 604; T. C. I. & R. R. Co. v. Perry, 10 Ala. App. 371, 65 South. 91.

[2] Section 3020 of the Code is restrictive, and not enabling, and its only purpose and effect is to prevent the appellate court from striking bills not signed within the time prescribed by law, ex mero motu, as was formerly the practice. It does not change the mandatory character of the provisions of section 3019, nor arm the appellate court with any discretion with respect to the granting of a motion properly made and seasonably invoking the mandatory rule of the statute. Baker v. C. of G. Ry. Co., 165 Ala. 466, 469, 51 South. 796; Box v. So. Ry. Co., 184 Ala. 598, 600, 64 South. 69.

When the bill has not in fact been signed

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

within the time prescribed, the appellate court will not inquire into the reasons for or the circumstances of the failure of the trial judge to sign, but must remit the proponent of the bill to the remedy provided by law for such cases. Act Sept. 25, 1915 (Gen. Acts 1915, p. 816), amending § 3022, Code 1907. See Haden v. Brown, 22 Ala. 572.

The action of the Court of Appeals in striking the bill of exceptions in this case on the seasonable motion of counsel for the state was in accordance with the law as we have stated it, and the petition for the writ of certiorari to review that action must be denied.

Writ denied.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.