(106 So. 508)

### ETTORE v. STATE. (1 Div. 356.)

(Supreme Court of Alabama. Dec. 17, 1925.)

Criminal law ⊛═1095—Failure to have bill of exceptions signed and presented in time required by law can be waived only by failure to move to strike.

Under Code 1923, § 6434, forbidding appellate courts from striking bills of exceptions ex mero motu because not signed or presented within time required by law, appellant, on adversary's motion to strike, cannot show waiver or agreement for signing or presentation after time allowed by law; the only effective waiver or consent contemplated by the statute being failure to move to strike on submission of appeal.

Appeal from Circuit Court, Mobile County; J. W. Goldsby, Judge.

Liverani Ettore was convicted of murder in the second degree, and he appeals. Affirmed.

R. H. McConnell, of Mobile, and C. P. McIntyre, of Montgomery, for appellant.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

Briefs of respective counsel on the merits, in view of the decision, need not be here set out. Briefs on the motion did not reach the Reporter.

GARDNER, J. Appellant has prosecuted this appeal from a judgment of conviction of murder in the second degree. It is not insisted that any error appears in the record proper, and our examination discloses none. The questions urged upon the court for a reversal are presented only by bill of exceptions.

The state moves to strike the bill of exceptions upon the ground the same was not signed by the presiding judge within 60 days after its presentation. That it was not signed within the time prescribed by statute (section 6434, Code of 1923) is conceded; but

it is insisted that by the concluding clause of the statute the time for having the bill of exceptions signed may be extended by consent or waiver, which is sought to be shown by affidavit of counsel for appellant. This affidavit is to the effect that, after the expiration of the 60 days required for signing the bill of exceptions, the state's solicitor examined and approved the same.

Construing this action, for the purpose of this case only, as a waiver or consent, it is noted that this was after the expiration of the time fixed by the statute. Therefore, should appellant's construction of the statute be accepted, as authorizing an extension of time by agreement, very clearly, it could not be considered as giving effect to such agreement after the expiration of the time allowed. By analogy, the case of Bass Furnace Co. v. Glasscock, 86 Ala. 244, 6 So. 430, is in point, holding, under the statute there in force, that—

"When an order is made during term time, allowing a bill of exceptions to be prepared and signed within 60 days, * * * the term cannot be further extended, unless the order extending it is made before the expiration of the 60 days."

We have said this much in answer to the argument made, based upon the construction contended for by appellant. But the question is an important one of practice, and we think it proper to further state our disagreement with such construction of the statute.

Prior to the incorporation of section 3020 into the Code of 1907 (section 6434, Code 1923), a bill of exceptions not signed within the prescribed time would be stricken by the court on its own motion. The statute was of a restrictive character (Ex parte Hill, 205 Ala. ·631, 89 So. 58) to prevent the appellate courts from striking such bills of exceptions ex mero motu, and only upon motion seasonably interposed. By so restricting the action of the court in this respect, the statute indirectly gave effect to the waiver or consent of the parties as to the time of signing such bill of exceptions, expressed and indicated by a failure to interpose the motion to strike. Said section 3020, however, related only to the question of the signing of the bill of exceptions, and not to that of its presentation.

It has been consistently held that the presentation of the bill of exceptions within the prescribed time was jurisdictional, and, when it appeared upon its face that it was not presented in time, the bill was stricken by the court of its own motion. Miller v. Whittington, 204 Ala. 207, 85 So. 394; 6 Michie Dig. 571.

Section 6434, Code of 1923, changes the former statute in this respect, and includes the matter of presentation, also, within its restrictive influence, so that hereafter the appellate courts will not strike a bill of ex-

---

ceptions ex mero motu for the reason that it appears not to have been presented within the time required by law, just as previously the court was so prevented as to bills of exceptions not being signed within the time.

This is, of course. a very important change, but in our opinion is the only material change intended. It is insisted, however, that the concluding clause of said section 6434 is to be construed as permitting the signing of bills of exceptions at any time, where it appears there has been a waiver or consent. The language of this clause is as follows:

"The object and effect of this statute being to allow parties to waive or consent for the time of signing bills of exceptions."

Following this contention to its logical conclusion, the question of the time of presenting and signing bills of exceptions would be extended to uncertain and indefinite time, and often must be left to establishment by parol proof upon the matter of waiver or consent. So radical a change in the existing law should very plainly be made to appear as the legislative intent. The language of this clause, however, does not permit of such construction. Indeed, if change in this respect were intended, the preceding section (section 6433) would appear to have been the appropriate one for such revision, rather than section 6434. The initial words of this clause, "the object and effect of this statute being," indicate but a legislative expression of the interpretation and meaning of the statute, and may be classed as bearing the characteristics of declaratory acts (36 Cyc. p. 1222), which do not purport to change the existing law, but only to declare the proper construction of the statute. The waiver or consent therein mentioned we construe to mean such as is indicated by a failure to move to strike upon submission of the cause on appeal, just as had been the rule established as to signing bills of exceptions, under section 3020 of the Code of 1907. Under the statute as it now reads, the question of the time of presentation is also included within its operation.

We entertain the view, therefore, that the added clause was intended merely as declaratory of the purpose and effect of the statute, as it had previously existed and been construed as to signing bills of exceptions, and not as making any change in the law as to the time within which bills of exceptions are to be signed and presented.

It results that the motion of the state to strike the bill of exceptions must be sustained.

There being no error in the record, let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.