156 So. 567

## PATTERSON v. STATE.

### 8 Div. 581.

Supreme Court of Alabama.

June 28, 1934.

Rehearing Denied Oct. 4, 1934.

Tennis Tidwell, of Decatur, and Wall & Wall, of Athens, for appellant.

J. G. Rankin, of Athens, for appellee.

Samuel S. Leibowitz, Jos. R. Brodsky, Osmond K. Fraenkel, George Rosier, and Carol King, all of New York City, and George W. Chamlee, Sr., of Chattanooga, Tenn., for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Appellant, Haywood Patterson, was convicted of the offense of rape, and his punishment fixed at death.

The cause was before us on former appeal. Patterson v. State, 224 Ala. 531, 141 So. 195.

Other decisions on appeals by defendants jointly indicted with this appellant are Weems et al. v. State, 224 Ala. 524, 141 So. 215, and Powell et al. v. State, 224 Ala. 540, 141 So. 201.

The judgments of affirmance in this court were reversed for denial of the right of counsel, or inadequate provision for counsel, to represent the defendants in the trial court. Powell et al. v. Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527.

We have now under submission, being considered along with this cause, the appeal of Clarence Norris v. State of Alabama (Ala. Sup.) 156 So. 556, from a conviction under the same indictment.

In this cause, Patterson v. State, the state submits a motion to strike the bill of exceptions because not presented within the time required by law.

The minutes show the verdict returned and judgment of conviction thereon on December 1, 1933, and sentence pronounced on December 6, 1933.

■ The time for presenting bills of exceptions runs from the date of the judgment of guilty, not from the date of sentence. Lewis v. State, 194 Ala. 1, 69 So. 913.

■ The bill of exceptions was presented March 5, 1934, the ninety-fourth day. This was too late unless the time was extended by the intervention of a motion for new trial.

Code, § 6433 provides: "Bills of exceptions may be presented to the judge or clerk at any time within ninety days from the day on which the judgment is entered, and not afterwards. * * * Presentation of the bill of exceptions within ninety days after the granting or refusing of a motion for a new trial shall be sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial."

A motion for new trial was filed December 29, 1933, which was afterwards stricken by the trial court on the ground that it was filed after the term of the court had expired, that thereby the judgment had become final, and the court was without jurisdiction to entertain, hear, and pass upon a motion for new trial.

This ruling was in accord with Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278, a case in which this question was directly presented.

The judgment in that case had been rendered on December 19, 1924, motion for new trial presented on December 27, 1924, and duly passed to January 5, 1925, when it was taken under advisement and passed to January 12, 1925. The trial court held that objection to action on the motion was well taken, that being filed after the end of the term, the court was without jurisdiction to hear it, that the motion was null and void, and must be stricken. In approving such ruling, this court said: "The statute provides that after the lapse of 30 days from the date on which the judgment or decree was rendered the court shall lose all power over it as completely as if the end of the term had been on that day; and, we add, unless the motion therefor was filed, called to the attention of, and passed by, the court before the adjournment of the term, and before the finality of the judgment or decree as provided by the statute after a lapse of 30 days from the date of its rendition. The provision of the statute for the lapse of 30 days as to such motions did not extend the term of the court as fixed by law, though the 30 days from rendition of a valid judgment or decree had not expired." Morris v. Corona Coal Co., 215 Ala. 47, 49, 109 So. 278, 279.

The governing statutes there construed were Code, §§ 6667, 6670. Both these statutes are codified from the Acts of 1915, p. 707, §§ 1 and 3.

Prior thereto all motions for new trials were required to be made within the term under general well-known rules of law. The act of 1915 contemplated open courts for most of the year, but as to cases at law, terms were not abolished.

The terms run from the first Monday in January each year to the last Saturday in June, and from the first Monday after the Fourth of July to and including the last Saturday before Christmas day of every year.

The thirty-day statute making judgments final after thirty days was restrictive of the rule theretofore obtaining whereby the cause was considered in fieri, and judgments within the breast of the court, until the end of the term.

The effect of the Morris Case, supra, is to hold the thirty-day statute, not to abrogate the established rule that all judgments become final with the end of the term, not to extend the thirty-day period beyond the end of the term.

This ruling was not new, but in keeping with former decisions through a long period of years.

Thus, in Mt. Vernon Woodbury Mills v. Judges of Fifteenth Circuit, 200 Ala. 168, 75 So. 916, it was pointed out that this thirty-day statute was copied from prior local statutes applicable to Jefferson county (Acts 1888–89, p. 992, § 20).

In Southern Railway Co. v. Griffith, 177 Ala. 364, 365, 58 So. 425, this section 20 is copied, and the court quoted and followed Ex parte Highland Avenue & Belt Railroad Company, 105 Ala. 221, 17 So. 182, saying: "* * * 'in order to give it (the motion) vitality at a subsequent term, and give the court power then to act on it, it must affirmatively appear from the record in the cause that the motion was made and called to the attention of the court, and continued during the term at which the judgment was rendered; otherwise the court is ever afterwards without power to entertain it.' "

In many other cases the same principle is recognized.

By long-recognized rules, if a motion for new trial was made within the term, and was not acted upon, or continued by special order made during the term, the court lost power to act upon it at a subsequent term.

The same rule has been uniformly applied to motions made within the thirty-day period and during the term. In other words, the effect of the end of the term on the finality of judgments, and, therefore, on motions for new trial, is the same now as before the statute of 1915. Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641; Mt. Vernon Woodbury Mills v. Judges of Fifteenth Circuit, supra.

We must, therefore, hold the motion for new trial in this case was functus; the judgment had become final; the motion could not invoke the jurisdiction of the trial court; it could not be entertained; no order of continuance to a future day could give it vitality.

The trial court had no discretion in the matter. He could not do other than disregard the motion or strike it.

The case is wholly different from those involving a waiver of a discontinuance of a motion duly made, wherein the jurisdiction of the court has attached, such as Greer et al. v. Heyer, 216 Ala. 229, 113 So. 14.

■ The proviso of Code, § 6433, giving ninety days after the granting or refusing of a motion for new trial, obviously means a motion for new trial which invokes the jurisdiction of the court to grant or deny it; postpones the finality of the judgment. The same proviso looks to incorporation of the ruling on the motion in the bill of exceptions for review along with rulings on the main trial.

This ninety-day extension can have no application to a case like this in which there was no motion for new trial before the judgment became final, where the document filed as a motion was functus from the beginning for want of jurisdiction to hear it. To hold otherwise would be to say the motion was abortive for all the purposes of such motion, but effective for the purpose of extending the time for a bill of exceptions. Such ruling would invite the filing of such a motion merely to extend the time for presenting a bill of exceptions, and virtually abrogate the statute.

We must, therefore, hold the time for presenting a bill of exceptions in this case was within ninety days from the judgment, just as though no motion for a new trial had been filed.

■ Does it follow that the bill of exceptions must be stricken on motion of the state?

"The appellate court may strike a bill of exceptions from the record or file because not presented or signed within the time required by law, but shall not do so ex mero motu, but only on motion of a party to the record of his attorney; the object and effect of this statute being to allow parties to waive or consent for the time of signing bills of exceptions." Code, § 6434 (3020).

This statute has also been construed in the light of its history and relation to former statutes.

In Ettore v. State, 214 Ala. 99, 106 So. 508, an appeal in a criminal case wherein the appellant was convicted of murder, it was sought to excuse presentment within time because of waiver or consent on the part of the solicitor. In the first part of the opinion the court held such consent unavailing because

given after the time for presentment had expired.

But the court further proceeds, very definitely, because of the importance of the question, to construe and declare the real meaning of the statute.

The entire discussion should be read, but we here quote the concluding portion of the opinion as follows:

"The waiver or consent therein mentioned we construe to mean such as is indicated by a failure to move to strike upon submission of the cause on appeal, just as had been the rule established as to signing bills of exceptions, under section 3020 of the Code of 1907. Under the statute as it now reads, the question of the time of presentation is also included within its operation.

"We entertain the view, therefore, that the added clause was intended merely as declaratory of the purpose and effect of the statute, as it had previously existed and been construed as to signing bills of exceptions, and not as making any change in the law as to the time within which bills of exceptions are to be signed and presented.

"It results that the motion of the state to strike the bill of exceptions must be sustained." Ettore v. State, 214 Ala. 99, 100, 106 So. 508, 509.

See, also, Beatty et al. v. McMillan, 226 Ala. 405, 147 So. 180; Battle v. Wright et al., 217 Ala. 354, 116 So. 349; Macertney v. Gwin, 218 Ala. 529, 119 So. 238.

The rule as to signing a bill of exceptions under section 3020, Code 1907, thus declared applicable to presentation under section 6434, Code 1923, was stated in Ex parte Hill, 205 Ala. 631, 89 So. 58, as follows:

"Section 3019 of the Code is mandatory in its requirement that bills of exceptions must, if correct, be signed by the trial judge within 90 days after the date of presentation; and bills not so signed must be stricken on proper and seasonable motion. Baker v. C. of G. Ry. Co., 165 Ala. 466, 51 So. 796; Buck Creek Lbr. Co. v. Nelson, 188 Ala. 243, 66 So. 476; Deason v. Gray, 189 Ala. 672, 66 So. 646; Sellers v. Dickert, 194 Ala. 661, 69 So. 604; T. C. I. & R. Co. v. Perry, 10 Ala. App. 371, 64 So. 651.

"Section 3020 of the Code is restrictive, and not enabling, and its only purpose and effect is to prevent the appellate court from striking bills not signed within the time prescribed by law, ex mero motu, as was formerly the practice. It does not change the mandatory char-

acter of the provisions of section 3019, nor arm the appellate court with any discretion with respect to the granting of a motion properly made and seasonably invoking the mandatory rule of the statute. Baker v. C. of G. Ry. Co., 165 Ala. 466, 469, 51 So. 796; Box v. So. Ry. Co., 184 Ala. 598, 600, 64 So. 69."

By reference to Baker v. Central of Georgia Railway Co., 165 Ala. 466, 468, 51 So. 796, will be found a long line of cases, civil and criminal, uniformly holding in line with Ex parte Hill, supra.

The statutes were intended to bring litigation to an end, to remedy some of the evils of the law's delay, and we are unwilling to depart from settled construction.

While we do not question the bona fide intention in this instance to conform to our laws touching motions for new trial and presentation of bills of exceptions, we must follow the long-established rules in this regard, and, therefore, hold the bill of exceptions in this cause, on motion of the state, must be, and is, stricken.

All questions reviewable alone by bill of exceptions must, therefore, be disregarded.

No error appearing in the record as thus presented, the judgment of the court below must be, and is, affirmed.

The day fixed for the execution of the sentence of law having expired, it is ordered that Friday, the 31st day of August, 1934, be set for the execution of the death sentence according to law.

Affirmed.

All the Justices concur.

---

⊜⇒For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes