157 So. 436

## PARKER v. DUKE.

### 8 Div. 572.

Supreme Court of Alabama.

Nov. 1, 1934.

Raymond Murphy, of Florence, for appellant.

Simpson & Simpson, of Florence, for appellee.

BROWN, Justice.

This case was submitted on a motion by appellee to dismiss the appeal, and on the merits.

The grounds of the motion to dismiss are: First, that a copy of the transcript was not delivered to the appellee until December 1, 1933, seven months after the court entered an order overruling appellant's motion for a new trial; second, that there was no assignment of errors on the copy of the transcript delivered to the appellee; and, third, that the bill of exceptions was not signed by the trial judge within sixty days after its presentation.

Assuming that the grounds of the motion are in fact true, none of them would justify a dismissal of the appeal. While the third ground, if in fact true, would justify an order striking the bill of exceptions on timely motion, this defect is waived by appellant's failure to make such motion. Code 1923, § 6434; Ettore v. State, 214 Ala. 99, 106 So. 508; City of Albany v. Black, 216 Ala. 4, 112 So. 433; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Ex parte Hill, 205 Ala. 631, 89 So. 58; Patterson v. State, ante, p. 270, 156 So. 567.

The record, however, shows that the bill of exceptions was seasonably presented on June 30, 1933, and was signed and approved August 29, 1933. Excluding June 30th, as the statute requires, the bill was signed on the sixtieth day, and was therefore within the sixty days. Code 1923, § 13.

The motion to dismiss the appeal is not well taken and is overruled.

This is a statutory action in the nature of an action of ejectment, brought by the appellee against the appellant.

By the complaint as originally filed, consisting of counts 1 and 2, the plaintiff sued to recover possession of the S. E. ¼ of the S. E. ¼ of section 17, township 1, range 8 west, containing 40 acres, more or less, Lauderdale county.

To this complaint the defendant filed a plea disclaiming possession, with a suggestion under the statute that the suit arose over a disputed boundary line between plaintiff's tract and the N. E. ¼ of the N. E. ¼ of section 20, same township and range, owned by defendant, describing the true line as, "Beginning at the southwest corner of Section 18 in said township and range, which is an established section corner; *thence east along the original section line between sections 18 and 19 and 17 and 20* in said township and range to the southeast corner of said section 17, being the line surveyed by W. T. Perkins, County Surveyor of Lauderdale County, Alabama, by two separate surveys, the first survey made in the year 1919 and the second made in April 1932." (Italics supplied.)

The plaintiff thereupon amended his complaint by withdrawing the original counts and filing a count designated as "Count 4," in which he sued to recover possession of the following described tract or parcel: "Begin at a stone at or near a Spanish Oak tree at the S. E. corner of the S. E. ¼ of the S. E. ¼ of Section 17, Township 1, Range 8 west; thence running along turn row and marked trees *North 89 deg. 42 min. West* 1329 feet more or less to a stone; thence running North 108 ft. more or less to a line run by County Surveyor W. T. Perkins for W. C. Parker; thence running along the said line in an Easterly direction to a point approximately 40 feet West and 112 feet North of the said stone corner and Spanish Oak tree, which point is marked by a stake placed there by W. C. Parker or his agent; thence at right angles Southwardly 112 feet more or less to the said turn row running Westwardly from the said stone corner and Spanish Oak tree. Said lands being in the S. E. ¼ of the S. E. ¼ of said Section 17," etc. (Italics supplied.)

On the date of filing said amendment, the plaintiff also filed a replication to defendant's plea of disclaimer, taking issue thereon, and asserting that the true dividing line between the plaintiff's land in section 17 and the defendant's land in section 20 is the southern boundary line of the strip of land described in count 4 of the amended complaint, "which said line extends from a stone corner at a Spanish Oak tree at the S. E. corner of said Section 17, thence running North 89 degrees 42 min. West 1329 feet to a stone; *the said above described line constituting the section line which divides the lands of the plaintiff*

on *the north and the lands of the defendant on the south."* (Italics supplied.)

The major controversy between the parties, as presented by the pleadings, relates to the location of the section line running from east to west between sections 17 and 20 in township 1, range 8 west, as established by the government survey, and material to this inquiry was whether or not the starting point of the survey made by W. T. Perkins was the true southeast corner of section 18, as asserted by the defendant on the one hand, and on the other whether or not the "stone at or near the Spanish Oak tree" represented the true southeast corner of the S. E. ¼ of the S. E. ¼ of section 17, as asserted by the plaintiff.

The law as applicable to these issues is fully stated in the recent case of Pounders v. Nix, 222 Ala. 27, 130 So. 537.

A subsidiary issue of fact presented by the plaintiff joining issue on the defendant's plea of disclaimer is: Was the defendant in possession of the parcel of land described in the amended complaint at the commencement of the suit?

Much testimony was adduced and other evidence offered touching these issues, and after painstaking examination of the record, we are not able to affirm that the verdict of the jury is contrary to the evidence. Our judgment is, therefore, that the defendant's motion for a new trial was overruled without error.

We have examined the several rulings on evidence complained of, and find nothing in these rulings, if error appeared, that would warrant a reversal of the judgment. However, the rulings of the court seem to be in accord with the law of evidence applicable to such controversies. Pounders v. Nix, supra.

There is what appears to be a clerical error in the judgment entry, not here made the basis of assignment of error. The verdict of the jury responds to the amended complaint, and plaintiff was entitled to recover the parcel of land described therein, not the 40-acre tract. The judgment of the circuit court should have adhered to this description, and followed the statute by establishing the line as described in plaintiff's pleadings. Code 1923, § 7457. This is a matter, however, that may be corrected by motion to amend nunc pro tunc.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

⌖═For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes