193 So. 320

### CLARK v. STATE.

### 4 Div. 61.

Supreme Court of Alabama.

Jan. 18, 1940.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the motion.

Sollie & Sollie & Bennett, of Ozark, for appellant, opposed to the motion.

THOMAS, Justice.

The indictment, verdict of guilty and judgment thereon were for murder in the first degree. The penalty was fixed for life in the penitentiary.

The submission was on motion to strike the bill of exceptions and on merits.

The State's counsel moves to strike the bill of exceptions and invokes the decision of this court on said motion to strike for reasons stated. The grounds are:

"1. It affirmatively appears from the record that no compliance has been had with Section 6433 of the Code of Alabama, 1923.

"2. It does not appear from the record that the bill of exceptions was approved and signed by the Trial Judge within sixty days from the date of presentation to such Trial Judge.

"3. It affirmatively appears from the record that Section 6433 of the Code of Alabama, 1923, has not been complied with with reference to the approving and signing of the bill of exceptions within sixty days from the date of presentation to the Trial Judge."

This question requires a reconsideration of §§ 6433 and 6434 of the Code of 1923, which were construed in Ex parte Hill, 205 Ala. 631, 89 So. 58; Baker v. Central of Georgia R. Co., 165 Ala. 466, 468, 51 So. 796; Beatty v. McMillan, 226 Ala. 405, 147 So. 180; Patterson v. State, 229 Ala. 270, 156 So. 567; Weems v. State, 236 Ala. 261, 182 So. 3; Patterson v. State, 234 Ala. 342, 175 So. 371; Patterson v. State of Alabama, 302 U.S. 733, 58 S.Ct. 121, 82 L. Ed. 567.

The rule announced generally under the statute was recently reconsid-ered by a divided court in Jones v. State, 237 Ala. 614, 188 So. 384, and the holding was:

"Where bill of exceptions was not filed and presented to trial judge or clerk of court within 90 days from date of judgment nor within 90 days from date of order denying motion for new trial, and bill of exceptions disclosed no violation of defendant's constitutional rights, bill of exceptions was stricken by reviewing court upon motion of Attorney General. Code 1923, §§ 6433, 6434.

"Statute authorizing striking of bill of exceptions not filed and presented to trial judge or clerk of court within prescribed period is not mandatory upon appellate court, and court will exercise its discretion upon consideration of whether defendant's constitutional rights have been secured to him. Code 1923, § 6434."

In the above case, Thomas, Justice, limited his concurrence to the result of striking the bill of exceptions.

To the same effect was the decision in Rutherford v. State, 237 Ala. 613, 188 So. 385, where, speaking through Mr. Justice Foster, a majority of the court held:

"Bill of exceptions in criminal case must be taken and signed by presiding judge as in civil case. Code 1923, § 3234.

"The statute authorizing striking of bill of exceptions for delay in presenting or signing does not vest in Attorney General the exclusive right to decide, by moving to strike bill of exceptions on that ground, that denial of constitutional rights of defendant in criminal case may not be reviewed, and, in ruling upon such motion, court will examine bill of exceptions, where set out in record on appeal, to see if any constitutional right of defendant was denied him. Code 1923, §§ 6433, 6434."

In the latter case, Justice Gardner, Justice Bouldin and Chief Justice Anderson concurred in the holding.

We, therefore, take as settled the construction of the statutes in question. Will the motion be denied when referred to the last construction by this court with exceptions to see if any constitutional rights of a defendant were denied, and with deference to the decision of the Supreme Court of the United States in Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L. Ed. 158, 84 Am.L.R. 527?

We have examined the record and find no constitutional question presented or duly

proven for decision in this case for the purposes of motion to strike, and this case is not within the exceptions to the decisions and rules of the statute hereinbefore considered.

The motion to strike the bill of exceptions is predicated upon the following dates, viz.: On January 3, 1939, motion for new trial was overruled. On April 1, 1939, bill of exceptions was presented to the presiding judge and his endorsements are:

"The foregoing bill of exceptions was presented to the undersigned as the presiding judge at the trial of the above styled cause on this the 1 day of April, 1939, and filed in the office of the clerk.

"J. S. Williams,
"Judge Presiding.

"The foregoing bill of exceptions having been duly considered by the undersigned the judge presiding at the trial of the above stated cause, is hereby approved and signed on this the ———— day of ————, 1939.

"J. S. Williams,
Judge Presiding."

Is there a sufficient compliance with the statute shown? The presentation shown, by endorsement on the bill of exceptions, is a sufficient compliance with the statute to present for review the rulings of the trial court on the trial of the original cause, as well as the rulings of the court on the motion for a new trial.

Is the bill of exceptions shown to have been signed by the presiding judge "within sixty days thereafter"—that is, after this due presentation?

It is declared by statute [Code of 1923, § 6434] that: "The appellate court may strike a bill of exceptions from the record or file because (1) not presented or (2) signed within the time required by law, but shall not do so ex mero motu, but only on motion of a party to the record of his attorney; the object and effect of this statute being to allow parties to waive or consent for the time of signing bills of exceptions." [Parenthesis supplied.]

The trial court is presumed to have done its duty and passed upon and signed the bill of exceptions within the time prescribed by law. In the absence of positive evidence that such was not the fact, the bill of exceptions will not be stricken.

The motion to strike is overruled.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.