196 So. 165

## LONG v. STATE.

### 6 Div. 657.

Court of Appeals of Alabama.

May 14, 1940.

Cecil H. Strawbridge, of Vernon, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

RICE, Judge.

It affirmatively appears that judgment of conviction was entered in this case on August 14, 1939.

It further affirmatively appears that a motion to set aside said judgment and grant appellant a new trial was filed in the cause on September 15, 1939. Said motion not only was not called to the attention of the court and continued within thirty days from the date of said judgment, but was not even filed within said thirty days.

So that, in accordance with Code 1923, § 6670, on the date of the filing of said motion and ever thereafter, the trial court was without any power over said judgment of conviction—as completely as though the term of the court had ended.

It results that the action of the court in "overruling" said motion for a new trial, taken on November 7, 1939, was coram non judice, and operated in no manner to extend the time within which, after judgment of conviction, to present a bill of exceptions.

The bill of exceptions was presented on December 28, 1939; which was not a compliance with Code 1923, § 6433. And the Attorney General's motion to strike same on the ground indicated must be—as we read said last cited Code Section—or, at any rate, may be, and is—even under the dictum concurred in by four members of the Supreme Court in the opinion in Jones v. State, 237 Ala. 614,

188 So. 384 (Code 1923, § 7318)—stricken. See Patton v. State, ante, p. 215, 194 So. 425; and Patterson v. State, 229 Ala. 270, 156 So. 567.

The record appearing in all things regular, the judgment is affirmed.

Affirmed.