11 So.2d 395

## MARECHEAU v. STATE.

### 1 Div. 415.

Court of Appeals of Alabama.

Jan. 12, 1943.

W. C. Taylor, of Mobile, for appellant.

Wm. N. McQueen, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, who was much more than sixteen years old, was convicted of the offense of having carnal knowledge of a girl over twelve and under sixteen years of age. Code 1940, Tit. 14, § 399. His punishment was fixed by the jury at imprisonment in the penitentiary for the term of two years. Ib. This appeal followed.

The Attorney General has made a motion to strike the bill of exceptions.

It affirmatively appears that the bill of exceptions was filed with the clerk and presented to the trial judge on April 4, 1942. And that it was signed and approved as a correct bill of exceptions on June 4,

1942,—sixty one days after its presentation. This, of course, constituted a noncompliance with Code 1940, Tit. 7, § 822; and, under the provisions of Code 1940, Tit. 7, § 827, the motion of the Attorney General must be granted, unless, after an examination of the bill of exceptions, we conclude that some constitutional right of the appellant has been denied him. Rutherford v. State, 237 Ala. 613, 188 So. 385; Jones v. State, 237 Ala. 614, 188 So. 384; Clark v. State, 239 Ala. 10, 193 So. 320; Ex parte Hill, 205 Ala. 631, 89 So. 58 (the holding in which latter case seems to be in effect overruled by that in the others cited—but the Supreme Court did not specifically say so).

We have examined the bill of exceptions; and, so far as we can see, no constitutional right of appellant was denied him. The bill is therefore stricken, in response to the motion by the Attorney General. Authorities supra.

No error appears in the record proper, and the judgment appealed from is affirmed.

Affirmed.