# Hames *v.* Brownlee.

*Trespass for Injuries to Land by Mill-Dam.*

1. *Opinion of witness; when not admissible.*—In an action of trespass, to recover damages for injuries caused by the erection of a mill-dam, whereby a stream was diverted from its natural channel, and overflowed plaintiff's land, a witness can not be allowed to state that, *in his opinion,* plaintiff's land was not injured by the diversion and overflow.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. W. L. WHITLOCK.

J. T. HEFLIN, for appellant.

TAUL BRADFORD, *contra.*

MANNING, J.—This action was brought to recover damages of appellees for building a mill-dam on the premises of plaintiff's intestate, whereby a change was effected in the flow of a natural water-course thereon; and the only error assigned is, the overruling by the presiding judge of objections on behalf of plaintiff to a question to one of the witnesses, and to his answer. The substance of the interrogatory was, whether or not the land had, in his opinion, been injured by the erection of said dam; to which he answered, that it had not.

There are certainly instances, and things, in which opinion is so intimately blended with, and a part of the fact to be proved, that the opinion cannot be excluded without substantially excluding the fact also, a fact which may be an important element in the formation of the verdict. This is true when the testimony relates to what are sometimes called "conclusions of fact," such as identity, distance, velocity, duration, &c.; and in not a few other instances. See Wharton on Evidence, §§ 509 *et seq.* But "the general rule is, that witnesses must depose to facts, and cannot be

allowed to give their opinions, founded on these facts, or the inferences or deductions, which they have drawn from them." *Montgomery & W. P. R. R. Co. v. Varner*, 19 Ala. 186. The reason is obvious: the verdict should express the jury's own independent conclusion from the facts and circumstances in evidence, and not be the echo of the opinions of witnesses, perhaps not unbiased.

Whether, in this case, injury had been done, and the extent of it, were questions for the jury to decide, and not the witness. He might have testified, whether or not there was any overflow, and the extent of it, if there was; what was the condition of the land when overflowed; whether it was arable or not; what was its value; and of such other particulars and facts as would enable the jury to form a correct opinion of their own, to be embodied in their verdict. They have nothing to do, in such a case as this, with the mere opinion of a witness in respect of the *quantum* of damages. It is the office of the latter to inform the jury what the facts and circumstances of the case to be decided are; and of the jury, to determine what effect and influence they are entitled to in the formation of the verdict to be rendered. It was, therefore, an error on the part of the judge to overrule the objections of appellant to the opinion of the witness; for which, the judgment of the Circuit Court must be reversed, and the cause remanded.