# Thornton *v.* Dwight Manufacturing Company.

*Action on the Case to recover for Wrongful Purchase of Lumber.*

1. *Action of trespass and trover; not maintainable by leinor.*
Neither under the statute which gives the owner of land a
lien on timber sold therefrom for the purchase price of the
timber (Code, § 2780), nor under the terms of the contract
whereby timber is sold and the owner reserves a lien for the
purchase price, has the owner of said land the right or title
of possession of the lumber cut from the timber taken from
his land; and, therefore, such owner can not maintain an
action of trespass or an action of trover for the alleged
wrongful purchase of such lumber.

2. *Action on the case; when notice must be proved.*—Under a
count of a complaint which is in case and seeks to recover
damages from the defendant for that, after the plaintiff had
notified the defendant not to purchase any lumber from a
designated person because the lumber was not the property
of such person, but the property of the plaintiff, and she had
a lien thereon, and such count avers that after such notice
the defendant purchased the lumber from such person to the
plaintiff's damage, it is necessary in order for the plaintiff
to recover, to prove the material averments of the counts in-
cluding that of notice; and in the absence of evidence show-
ing that the plaintiff gave the alleged notice to the defendant
prior to his purchase, the plaintiff is not entitled to recover.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellant, A. G.
Thornton, against the appellee, the Dwight Manufac-
turing Company. The complaint contained three
counts, which were in words and figures as follows:
"1. The plaintiff claims of the defendant four hun-
dred dollars damages for wrongfully taking the follow-

ing goods and chattels, the property of the plaintiff, viz.: forty thousand, two hundred and ninety-nine feet of pine lumber.

"2. And the plaintiff claims of the defendant the further sum of four hundred dollars, damages, for the conversion by it on 11, 12, 15, 17 and 18 days of Dec. 1895, of the following chattels, 40,299 feet of pine lumber of the plaintiff."

"3. And the plaintiff claims of the defendant the further sum of four hundred dollars, damages, for that heretofore, to-wit, on the 11th day of Dec. 1895, plaintiff notified the defendant not to purchase any lumber from one C. M. Davis, as the lumber was not the property of said Davis, but was the property of the plaintiff and that she had a lien on all the lumber of said Davis, but defendant after such notice bought of said Davis 40,299 feet of pine lumber to plaintiff's damage as aforesaid and plaintiff avers she had a lien on said lumber."

There were demurrers interposed to these counts, but it is unnecessary to set them out. The defendant pleaded the general issue and by special pleas set up the fact that the plaintiff had brought her action against C. M. Davis and had sued out a writ of garnishment against the defendant and had obtained a judgment in the original and garnishment suits. There were demurrers interposed to these pleas, but under the opinion on the present appeal it is unnecessary to set them out.

On the trial of the cause the plaintiff introduced as a witness her husband R. S. Thornton, who testified to the plaintiff making a contract with C. M. Davis to cut timber on her land and this contract was introduced in evidence and was in words and figures as follows: "Timber contract. This contract made and entered into by R. S. Thornton and wife and C. M. Davis in which the party of the first part agree to sell the party of the second part five hundred thousand feet of pine timber (provided that amount is on the land owned by the party of the first part) on the following

condition, that the party of the second part will make
or pay cash at the rate of 1,000 feet (Scribner's Log
Book Scale and Doyles Rules) monthly for all logs
sawed in the previous month, and in default of pay-
ment of same then this contract cease to be valid and
will stand void, and the party of the second part agree
to let all the lumber in his possession stand subject to
the amount owed the party of the first part at all times,
and hereby waive all right to the same. The party of
the 1st part agrees to give the party of the 2d part
right of ways through their land where the same does
not injure or damage them. [Signed]. R. S. Thorn-
ton, A. G. Thornton, C. M. Davis."

There was evidence for the plaintiff tending to show
that the said Davis did not pay the plaintiff for the
lumber cut from her land under said contract, and
that the defendant had purchased said lumber from
Davis.

R. S. Thornton, a witness for the plaintiff, testified
that he notified the defendant, through its general man-
ager, Nichols, not to purchase the lumber from Davis
because Davis had not paid for it under the contract;
but the evidence of this witness does not show whether
or not this notice was given prior to the purchase of
the lumber by the defendant. There was evidence in-
troduced by the defendant tending to sustain the sev-
eral pleas.

The cause was tried by the court without the inter-
vention of a jury and upon the hearing of all the evi-
dence the court rendered judgment for the defendant.
The plaintiff appeals, and assigns a error the several
rulings of the trial court to which exceptions were re-
served.

DORTCH & MARTIN, for appellant.

GEORGE D. MOTLEY, contra.

SHARPE, J.—None of the assignments of error
based on the disposition made of demurrers to plead-
ings, or rulings on evidence, have been argued in ap-

pellant's brief, hence those assignments will be considered as waived.

In the lumber which forms the subject-matter of this suit the plaintiff's interest was that of a lienor only. Neither under the statute which gives the owner of land a lien for the price of timber sold therefrom (Code, § 2780), nor under the terms of the contract whereby the timber was sold to Davis, had plaintiff the title or right of possession in the lumber cut from that timber. Therefore, neither the first count of the complaint which is in trespass, nor the second count which is in trover was maintainable.—*Hussey v. Peebles*, 53 Ala. 432; *Thompson v. Spinks,* 12 Ala. 155; *Dulaney v. Dickerson*, Ib. 601.

The third count of the complaint is in case, the tort averred being the purchase of the lumber by defendant with notice of plaintiff's lien. In the trial of the general issue joined under that count, the plaintiff in order to recover was under the necessity of proving the material averments of the count including that of notice. The evidence as to notice is found alone in the testimony of plaintiff's husband concerning communications made by him to defendant's superintendent who died before the trial. Neither this testimony nor any other evidence fixes the date of those communications as being prior to defendant's purchase and for that reason, irrespective of the matters set up in the special pleas, we are unable to find that the alleged cause of action was proved.

Judgment affirmed.