# Sloss-Sheffield Steel & Iron Co. *v.* Wilson.

*Damages From Overflow.*

(Decided June 5, 1913.   62 South. 802.)

1. *Waters and Water Courses; Nuisance; Dam; Complaint.*—A complaint alleging that defendant owned and controlled certain lands upstream from plaintiff's lands, and had constructed and maintained a high dam across the stream which collected a large body of water and held the same until the occasion of the injury when the dam broke and water flowed over plaintiff's land, washing away the soil on a large area of plaintiff's farm, which was very fertile and productive before it was washed away, but was now permanently injured

and damaged by reason of the dam breaking and washing the same away, was subject to demurrer for a failure to allege that the injury was due to the negligence of defendant in the construction or maintenance of the dam.

2. *Same; Riparian Proprietors; Rights; Construction of Dam.*—For his own lawful purposes, a riparian land owner may dam the water on his own land, and in doing so is not an insurer of the safety of the structure, but is only required to exercise due care and skill in the construction and maintenance thereof that his lower neighbors may not be injured by its accidental breaking.

3. *Same.*—In estimating the hazard to his lower neighbors by the construction of the dam, the upper riparian proprietor must take into consideration geographical situations and climatic history in order to care for conditions reasonably to be expected, whether of frequent or infrequent occurrence; if, however, after he has taken such precaution his dam is washed away by unprecedented flood without proximate, concurrent negligence on his part, he is not liable for damages.

4. *Same; Right to Erect.*—A dam constructed on a stream by an upper riparian proprietor is not a nuisance per se, and only becomes such when it is negligently constructed or maintained.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Kate Wilson and another against the the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

The complaint alleges in effect that plaintiffs were in possession of and owned certain lands which are described, and that at the time of the injuries complained of the defendant owned and controlled or had possession of certain lands near to plaintiff's land but above plaintiff's land, which were lower and subservient, and that prior to the injuries complained of defendant had constructed a large and high dam across a stream running through the lands of both plaintiff and defendant, and that said dam had collected a large body of water which was held by said dam until on or about April, when said dam broke, and the water flowed upon and over plaintiff's land, washing away the soil of a

large area of plaintiff's farm, which plaintiff alleges was fertile and productive until it was washed away, but that now it is permanently injured and damaged by reason of the said dam breaking and washing the same away.

ALMON, ANDREWS & PEACH, for appellant. The court erred in overruling demurrers to the complaint. —*Ala. C. C. & I. Co. v. Turner,* 145 Ala. 639. Plea 2 sets up a proper defense, and the court erred in striking it from the file.—*Powell v. Crawford,* 110 Ala. 300; *Stuart v. Hargrove,* 23 Ala. 249. As to the general rule of holding that defendant would not be liable unless his negligence in construction or maintenance was the proximate cause of the injury, and that he would not be liable where the break was caused by an unprecedented rainfall, see.—*So. Ry. v. Plott,* 131 Ala. 312; *Shahan v. A. G. S.,* 115 Ala. 181; s. c. 116 Ala. 302; *Cent. Ry. v. Windham,* 126 Ala. 552; *Coosa River S. Co. v. Barclay,* 30 Ala. 120; *Smith v. Western Ry.,* 11 L. R. A. 619; 40 Cyc. 575-6; 13 Enc. of Law 1st Ed. 697; *Gulf R. C. Co. v. Walker,* 132 Ala. 553.

W. H. KEY, and A. H. CARMICHAEL, for appellee. Defendant's demurrers to plaintiff's complaint should have been overruled, and the defendant's special plea was correctly stricken. The issue was not one of negligence, but did defendant build a dam that broke, and was plaintiff's injured thereby.—*Alabama Western R. R. Co. v. Wilson,* 55 South. 932; *Southern Ry. Co. v. Lewis,* 165 Ala. 555; *Central of Ga. R. R. Co. v. Windham,* 126 Ala. 560; *Savannah, Amer. & Montgomery Ry. Co. v. Buford,* 106 Ala. 303; *Sloss-Sheffield Steel & Iron Co. v. Mitchell,* 161 Ala. 278; *Crabtree v. Baker,* 75 Ala. 91.

SAYRE, J.—Appellant's demurrer to the complaint on the ground substantially that plaintiffs' (appellees') injury was not laid to negligence in the construction or maintenance of the dam should have been sustained. Appellees have cited a number of cases in all which there was an original wrong in the structure or operation which caused injury, as, for example, defendant dammed up water so causing it to overflow plaintiff's land, or defendant caused water to flow upon plaintiff's land which was accustomed to flow elsewhere, or there was an original encroachment of some character upon plaintiff's land, all which acts were wrongful of course, were nuisances for the consequences of which the defendants in those cases were liable without regard to whether or not there was negligence, for no degree of care would excuse a wrong of that character. But the owner of land may for his own lawful purposes dam up the water of a stream on his own land, and doing so, he does no wrong. He is not an insurer of the safety of such structure, but he must exercise due care and skill in construction and maintenance to the end that his lower neighbors may not be injured by accidental bursting. In estimating the hazard to his neighbors, the proprietor must take into consideration climatic history and geographical situation so as to be able to care for conditions that may be reasonably expected, whether of frequent or infrequent occurrence. If, after he has taken these precautions, his dam is washed away by unprecedented flood, without the proximate concurrence of negligence on his part, he is not liable for resulting damages.—40 Cyc. 683; *Gulf Red Cedar Co. v. Walker*, 132 Ala. 553, 31 South. 375; *Ala. Consol. Co. v. Turner*, 145 Ala. 639, 39 South. 603, 117 Am. St. Rep. 61. In other words, if defendant was liable for the damages suffered by plaintiffs, it was liable, not on

the ground that its dam was a nuisance per se, but on the ground that there was negligence in its construction or maintenance, which is to say it was a nuisance only in the event it was negligently constructed or maintained. It was necessary, therefore, for the complaint to show, by proper averment, negligence in the construction or maintenance of the dam. In the ruling on demurrer to the complaint, and in other rulings made in the progress of the trial, the trial court very plainly proceeded on the theory that defendant should be held as an insurer against injury by the bursting of the dam. This was an erroneous view of the case, and, because it found expression at several points, a reversal must be ordered.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.