(82 South. 572)

ALABAMA GREAT SOUTHERN R. CO. v. KILLIAN. (7 Div. 561.)

(Court of Appeals of Alabama. June 3, 1919.)

1. WATERS AND WATER COURSES ⊙⟶119(4)— SURFACE WATER — FILLING OF DITCHES — LIABILITY.

If ditches on defendant's land sufficient to take care of surface water, instead of being filled by it, became clogged without its knowledge or fault or notice to it, it would not be liable for the damage to a neighbor from overflow of surface water unless after notice it permitted them to remain in such condition.

2. WATERS AND WATER COURSES ⊙⟶126(1)— SURFACE WATER—ACTION—PLEADING.

Complaint for damages from overflow of surface water alleging defendant permitted ditches on its land for such waters to become filled should allege notice to or knowledge by defendant of such filling.

3. DAMAGES ⊙⟶146—SURFACE WATER—SPECIAL DAMAGES—PLEADING.

Costs of cleaning out ditches on plaintiff's land that had become clogged by overflow of surface water from filling of ditches on defendant's land are special, and must be specially pleaded.

4. MASTER AND SERVANT ⊙⟶315—INDEPENDENT CONTRACTOR—INJURY TO ANOTHER.

If work contracted to be done will in its progress, however skillfully done, be likely to result in injury to another, or if the law imposes on the owner the duty to keep the subject of the work in proper condition, the owner is liable for such injury as if he performed the work.

5. EMINENT DOMAIN ⊙⟶318 — WATERS AND WATER COURSES ⊙⟶119(4)—DRAINAGE OF RAILROAD RIGHT OF WAY—INJURY TO ADJOINING LAND.

A railroad acquiring right of way by condemnation accepts the burdens going with the land so acquired, and must use it so as to impose no unnecessary burdens on its neighbors, and so must not knowingly or negligently cause or permit ditches for draining it to become so clogged as to injure neighboring land.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action by H. H. Killian against the Alabama Great Southern Railroad Company for damages for maintenance of a nuisance. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Goodhue & Brindley, of Gadsden, for appellant.

Hunt & Wolfes, of Ft. Payne, and Luke P. Hunt, of Birmingham, for appellee.

SAMFORD, J. The single count upon which the cause was tried was as follows:

"The plaintiff claims of the defendant the sum of $1,500 as damages for that the defendant in and about the construction, maintenance, or repair of its right of way or roadbed in De Kalb county, Ala., used in connection with its business of operating a railroad, caused or permitted certain ditches or water courses through which surface waters from adjacent lands naturally flowed and by means of which said water from adjacent lands was taken care of to become filled, clogged, or closed upon its said right of way or to remain in that condition to such an extent that the same on, to wit, 19th and 20th days of July, 1916, as a proximate result overflowed, and as a proximate result said water did on said days flow upon and spread over plaintiff's lands in said county adjacent to and through which defendant's said right of way extends and to flow in a direction and manner that it had never before flowed, washing plaintiff's said lands, damaging his crops growing thereon and wheat shocked upon his land, and leaving large deposits of rock, gravel, and mud upon plaintiff's said lands, filling up water courses upon his said lands, and damaging plaintiff as aforesaid."

[1, 2] One of the alternative averments of this count is that defendant "permitted certain ditches or water courses through which surface water from adjacent lands naturally flowed and by means of which said water from adjacent lands was taken care of to become filled," etc., "upon its said right of way or to remain in that condition to such an extent that" it proximately resulted in damage to plaintiff. Of course, if the defendant caused the ditches to be filled or clogged, and damage resulted to its neighbors, as a proximate consequence thereof, it would be liable, because it had itself produced the conditions, but, if the ditches were sufficient to take care of the flow of water, and became filled or clogged, without the knowledge or notice to, and through no fault of the defendant, then the defendant would not be liable, unless after such notice or knowledge it permitted them to remain in such condition. For a failure to allege these things the count was demurrable. Lamb v. Roberts, 196 Ala. 679, 72 South.

309, L. R. A. 1916F, 1018; Crommelin v. Coxe, 30 Ala. 318, 68 Am. Dec. 120; S-S. S. & I. Co. v. Wilson, 183 Ala. 411, 62 South. 802.

[3] On the trial of the case the plaintiff, over the timely objection of the defendant, was permitted to prove, as an element of damages, the costs of cleaning out certain ditches on plaintiff's land that had become stopped up or clogged by reason of the overflow of water complained of. If these were recoverable damages, they were special, and to be recovered they must be specially pleaded. King Land & Imp. Co. v. Bowen, 7 Ala. App. 462, 480, 61 South. 22; Lewis v. Paull, 42 Ala. 136; A. G. S. Ry. Co. v. Tapia, 94 Ala. 226, 10 South. 236.

[4] The defendant contends that it is entitled to the affirmative charge, because the evidence shows that the work of constructing defendant's double tracking was being done by an independent contractor, but the facts do not justify this contention. The work was being done by contract, it is true, but the evidence shows that it was being done in accordance with the plans and specifications furnished by defendant and under the direction of defendant's engineers. It is well settled that, if the work contracted to be done will in its progress, however skillfully, done, be likely to result in injury to another, or if the law imposes on the master the duty to keep the subject of the work in proper condition, the owner is liable. the same as if he performed it himself. Southern Railway v. Lewis, 165 Ala. 555, 560, 51 South. 746, 138 Am. St. Rep. 77; McCary's Case, 84 Ala. 472, 4 South. 630; Montgomery Street Railway Co. v. Smith, 146 Ala. 316, 39 South. 757; Southern Railway Co. v. Robertson, 16 Ala. App. 155, 75 South. 831.

[5] It is also contended by the appellant that the damage to plaintiff's lands were caused by certain condemnation proceedings, instituted by defendant under the statute whereby it acquired certain rights as to constructing and maintaining a line of railway over and through plaintiff's farm. When a railroad acquires a right of way by and through condemnation proceedings, it acquires the rights incident to the construction and maintenance of a railroad track in accordance with the requirements of its business, but it also accepts the burdens going with the land so acquired, and it must be used so as to impose no unnecessary burden on its neighbors. If it becomes necessary for it to drain its roadbed, by laying out and constructing ditches and culverts, then it may do so, provided it use reasonable engineering skill and forethought in so doing, but when this is done and the status has become fixed, it must not knowingly or negligently cause or permit these ditches to become so clogged or obstructed as to injure the neighboring lands. This question is settled by the opinion in Alabama Western Railroad Co. v. Wilson, 1 Ala. App. 313, 55 South. 932, and Arndt v. City of Cullman, 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922.

Under the pleadings and the evidence in this case the court committed error in its oral charge in instructing the jury:

"Or, if it was constructed in such way as the defendant would not be liable because it was done by a subcontractor, it put the duty on the defendant not to allow that to remain an unreasonable time, and thereby cause injury in the way I have suggested that the plaintiff claims," etc.

This part of the charge ignores notice to, or knowledge of, the defendant as to the nuisance, and, as has already been seen, the count has been held to be defective for that reason. Of course, the defendant owed the plaintiff the duty not to maintain on its premises a nuisance, and, as has already been seen, the count has been held to be defective for that reason. Of course, the defendant owed the plaintiff the duty not to maintain on its premises a nuisance; but, if the defendant did not cause its creation, either directly or by its negligence, it would have to have notice or knowledge of its existence before it would be liable, and neither of these things were alleged in the complaint.

It is unnecessary to discuss the other assignments of error, as the foregoing will suffice to guide the trial court in another trial of this case.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.