(90 South. 906)

**ALABAMA GREAT SOUTHERN R. CO. v. KILLIAN. (7 Div. 214.)**

(Supreme Court of Alabama. Oct. 27, 1921.)

1. **Waters and water courses** ⬅171(1)—**Liability for obstruction or diversion not matter of negligence.**

The liability for obstruction or diversion of flow of water is not a matter of negligence vel non, as it touches one cutting ditches and making waterways on his own land, to ascertain whether he will divert or cause water to flow upon the lands of a neighbor to the latter's injury, ordinarily or in times of high water.

2. **Waters and water courses** ⬅179(1)—**Complaint for damages for overflowing land held demurrable.**

A complaint, in an action against a railroad for damages for overflow of lands, alleging that "on said day said culvert was insufficient" was subject to demurrer by reason of its failure to aver that on said day the culvert "as maintained by defendant" was insufficient, etc.

3. **Waters and water courses** ⬅171(1)—**Railroad not liable for flooding caused by clogging of culvert without its knowledge.**

If culvert on railroad's right of way was sufficient to take care of a stream, and became obstructed without its knowledge, fault, or notice to it, it was not liable for damage to a landowner from overflow, unless it was negligent in not knowing thereof, or in not removing the obstruction.

Appeal from Circuit Court, De Kalb County; W. W. Harralson, Judge.

Action by W. E. Killian against the Alabama Great Southern Railway Company for damages for overflowing his land. Judgment for the plaintiff and the defendant appeals. Transferred from Court of Appeals under § 6, Acts 1911, p. 450. Reversed and remanded.

Count 1 of the complaint sufficiently appears from the opinion. The following are the demurrers:

(1) The facts stated do not show any duty resting on the plaintiff to provide a culvert sufficient to take care of the water of said creek.

(2) For aught that appears, the facts that on the 22d day of July, 1917, the culvert was insufficient to take care of the water of said creek, or was maintained in such position or manner as to prevent the taking care of the waters, was not due to any negligence on the part of the defendant, its agents or servants.

Goodhue & Goodhue, of Gadsden, for appellant.

The demurrers to count 1 should have been sustained. 17 Ala. App. 124, 82 South. 572; 196 Ala. 679, 72 South. 309, L. R. A. 1916F, 1018.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Isbell & Scott and C. A. Wolfes, all of Ft. Payne, for appellee.

The court properly overruled the demurrers. 1 Ala. App. 306, 55 South. 932; 201 Ala. 629, 79 South. 191; 149 Ala. 349, 43 South. 139.

THOMAS, J. The trial was had on count 1, the gravamen of which was that—

Defendant "owned a railroad right of way in De Kalb county, Ala., upon which its roadbed was constructed over which it operated its trains, which said right of way extended through plaintiff's farm in said county, which said farm plaintiff was then the owner of and in the possession of, and that ·the defendant, for the purpose of maintaining its said roadbed over and across a creek passing through plaintiff's said farm, said creek being known as the Portersville creek, maintained a culvert on its said right of way for the purpose of carrying the water of said creek through or under said roadbed, and plaintiff avers that on said day said culvert was insufficient to take care of the water of said creek, or was maintained in such a position or manner as ·to prevent it taking care of said water, and as a proximate result thereof said creek did on said day overflow plaintiff's said farm thereby washing plaintiff's said land, leaving large deposits of rocks, sand, dirt, and gravel thereon, and damaging and injuring" plaintiff's crops on his said lands.

Defendant's pleas were the general issue and res adjudicata. Defendant insists that, taking the pleading most strongly against the pleader, under the alternative averment, it must be assumed that the culvert was constructed sufficiently and suitably to take care of the flow of water at the place or point indicated, and was not sufficient to maintain an ʼaction for obstructions occurring without its knowledge, etc. Lamb, Rec'r, v. Roberts, 196 Ala. 679, 680, 72 South. 309, L. R. A. 1916F, 1018; S.-S. S. & I Co. v. Wilson, 183 Ala. 411, 62 South. 802. The foregoing authorities distinguish between a case of construction or maintenance of an insufficient culvert, etc. (N. C. & St. L. v. Yarbrough, 194 Ala. 162, 167, 69 South. 582), and a subsequent obstruction or diversion of the flow of water at such culvert without knowledge or the negligence of the defendant (A. G. S. R. Co. v. Killian, 17 Ala. App. 124, 82 South. 572; Ala. West. R. Co. v. Wilson, 1 Ala. App. 306, 55 South. 932).

[1] The liability for obstruction or diversion of the flow of water is not a matter of negligence vel non, as it touches one cutting ditches and making waterways on his own land, to ascertain whether he will divert or cause water to flow upon the lands of neighbor to the latter's injury, ordinarily or in times of higher water. Moore v. Walker, 201 Ala. 629, 79 South. 191; Lindsey ·v. Sou. Ry., 149 Ala. 349, 43 South. 139; Jones v. T. C. I. Co., 202 Ala. 381, 382, 80 South. 463.

[2, 3] The first and second grounds of demurrer directed to count 1 should have been sustained, for the first alternative—"on said day [22d day of July, 1917] said culvert was insufficient * * *"—should have been supported by the averment that on said day the culvert, *as maintained by defendant*, "was insufficient," etc. Without the averment of maintenance on that day the averment of knowledge or notice on defendant's part of an obstruction or changed condition of its maintenance, or negligence in not knowing thereof or in not removing a temporary obstruction at such point, was necessary. A. G. S. Ry. Co. v. Killian, supra.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.