**McCORD v. RUMSEY et al. (5 Div. 411.)**

(Court of Appeals of Alabama. Nov. 14, 1922. Rehearing Denied Dec. 19, 1922.)

**1. New trial ⊜⟹121—Want of jurisdiction waived by determining motion on merits.**

Where a motion for new trial was determined on its merits without objection for want of jurisdiction for failure to file in time, the want of jurisdiction was waived.

**2. New trial ⊜⟹164—Granting new trial does not authorize judgment on merits.**

The power of courts over its judgments ends with the term, and a motion for new trial, although authorized by law, does not continue the cause in the breast of the court so as to authorize a judgment on the merits in the original case, and the only effect of granting a motion for new trial is to leave the matter open to future determination.

**3. Trover and conversion ⊜⟹16—Title and right to possession in plaintiff, entitling him to sue.**

Where plaintiff by a deed to himself took title to land, including timber subject to a con-

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tract between himself and one of the defendants, in which contract possession of the timber after it was milled was reserved in plaintiff, both title and right to possession were in plaintiff, entitling him to maintain action for conversion of the lumber.

**4. Judgment ⬅️570(5) —. Decree dismissing bill for injunction on unclean hands doctrine inadmissible in conversion action.**

In action for conversion of the lumber, defendant's evidence of proceedings by plaintiff seeking injunction to restrain defendants from cutting timber on the lands was properly excluded, where the decree settled nothing; the bill being dismissed because plaintiff had not come into court with clean hands.

**5. Logs and logging ⬅️30—Evidence of liens arising after knowledge of plaintiff's deed to land held inadmissible.**

In conversion of lumber, evidence that part of defendants were laborers entitled to a lien under Acts 1915, p. 374, which was at the time of the conversion unsatisfied, was not admissible; such liens arising after knowledge of the existence of plaintiff's deed and contract and being subject to plaintiff's rights.

**6. Abatement and revival ⬅️9—Notice of former suit by defendant against another for purchase price of lumber alleged converted no bar to plaintiff's action.**

In trover for conversion of certain lumber, a former suit between defendant and third person in which defendant was claiming a named sum as the purchase price of some of the lumber and a notice to plaintiff under Code 1907, § 6050, of its pendency was no bar to plaintiff's recovery.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Action by Z. D. McCord against R. L. Rumsey, J. U. Bridges, and Cleve Hawkins. From a judgment granting motion for new trial and rendering judgment for defendants, plaintiff appeals. Reversed and rendered.

Certiorari denied, Ex parte R. L. Rumsey et al., 209 Ala. 20, 95 South. 269.

James W. Strother, of Dadeville, W. M. Lackey, of Ashland, John A. Darden, of Goodwater, and James J. Mayfield, of Montgomery, for appellant.

A bailor may maintain trover against a bailee, where the bailee uses the property for a different purpose or for a longer time than was authorized by the bailment. 130 Ala. 299, 30 South. 342; 163 Ala. 314, 51 South. 14; 3 Ala. App. 294, 57 South. 382; 152 Ala. 626, 44 South. 1029. The conversion necessary to support trover is complete, when the defendant exercises some unlawful act of ownership over the property. 96 Ala. 205, 11 South. 441; 33 Ala. 515; 90 Ala. 221, 7 South. 914, 24 Am. St. Rep. 789. Plaintiff had both legal and equitable title to the timber, defendants took the lumber without authority, and converted it to their

own use or that of another, and plaintiff was entitled to recover in trover. 171 Ala. 77, 54 South. 608; 169 Ala. 161, 52 South. 911, Ann. Cas. 1912B, 288; 150 Ala. 633, 43 South. 791; 124 Ala. 341, 27 South. 309; 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789. Even if the trial court had jurisdiction to hear the motion for new trial, it was error to set aside the original judgment and render a different judgment without a new trial. The labor lien claimed was subordinate to plaintiff's title. Acts 1915, p. 374; 202 Ala. 342, 80 South. 424.

Riddle & Riddle, of Talladega, for appellees.

In order to entitle the plaintiff to recover in trover for the conversion of chattels, he must have the legal title and the right to immediate possession. 147 Ala. 653, 41 South. 664. Laborers who manufacture lumber from timber have a lien on the lumber. Acts 1915, p. 374. Where the evidence affirmatively shows that the party against whom a judgment is set aside cannot recover the court is in duty bound to set aside the judgment and render a judgment for the defendant. Acts 1915, p. 707; 193 Ala. 658, 69 South. 102. Where a motion for new trial is heard without objection to the jurisdiction of the court, the point is waived. 15 R. C. L. 724.

SAMFORD, J. The plaintiff in the court below sued in three counts in Code form: First, for conversion of chattels; second, for the wrongful taking of chattels; and, third, for the taking of chattels without the owner's consent. Defendant filed two pleas of the general issue, one of payment and several others. Upon the trial of the cause before the judge, sitting without a jury, on June 22, 1921, judgment was rendered for plaintiff. On July 16, 1921, on motion of defendants, an order was entered setting this judgment aside, and one rendered in favor of defendants and from that judgment is this appeal.

[1, 2] We first consider the question raised by appellant that, as the motion for new trial and for judgment against plaintiff was made after the term of the court at which the trial was had, the court was without jurisdiction to enter judgment against plaintiff. If the motion had been made before the end of the term and within 30 days from the date of the original judgment, there could be no doubt that the court, with or without motion, could have corrected an erroneous judgment. Neale et al. v. Caldwell, 3 Stew. 134. In Ex parte Margart, 207 Ala. 604, 93 South. 505, it was held that under section 3 of Acts 1915, p. 707, the court retained power over its judgment for the purpose of entertaining motions for new trial for a period of 30 days

from the rendition of the judgment. Besides, in the present case the motion for new trial was determined on its merits, without objection for want of jurisdiction. for failure to file in time and therefore the point is waived. Shipp v. Shelton, 193 Ala. 658, 69 South. 102; 20 R. C. L. p. 313, par. 97. But the inherent power of courts over their judgments ends with the term of court, and a motion in arrest of judgment or for a new trial, although authorized by law (Liverpool & L. & G. Ins. Co. v. Lowe [Ala. Sup.] 93 South. 765 [1]), would not continue the entire cause in the breast of the court, as to authorize a judgment on the merits in the original case. The only effect of the granting of the motion is to leave the matter in controversy open to future determination. 15 R. C. L. p. 724, par. 178. Otherwise the party against whom the decision was would suffer judgment without a day in court. For this reason, if no other, the judgment granting the motion must be reversed.

As to the contention made by appellee that the bill of exceptions fails to affirmatively show that it contains all the evidence, it is sufficient to say that the recital in the bill of exceptions so states.

[3] Let us now consider the action of the court in granting the motion for a new trial. The first count of the complaint was in the Code form for the wrongful conversion of certain lumber, was not demurrable, and as to which the plea of not guilty put in issue every matter which might be pleaded in bar, except a release. Ryan et al. v. Young, 147 Ala. 660, 41 South. 954. The plaintiff had title to the land upon which the timber was grown, and a right to the possession of the lumber after it was cut, under a contract with one of the defendants. In this particular this case differs from the case of Thornton v. Dwight & Co., 137 Ala. 211, 34 South. 187. Whatever rights defendants have in the lumber grow out of the contract between the plaintiff and the defendant Bridges, and not under the deed to the land from Hertsfeld to plaintiff. By and through the deed from Hertsfeld to himself, plaintiff, paying the entire purchase price for the land, including the timber, took title to himself, subject to the contract between himself and Bridges, in which contract possession of the timber after it had been milled was reserved in plaintiff, to be disposed of by him. This then placed both the title and right to immediate possession in plaintiff, entitling him to maintain an action for conversion. So. Ry. Co. v. City of Attalla, 147 Ala. 653, 41 South 664. The evidence showed the conversion by the defendants and the amount of the damage.

[4] The evidence offered by defendant of the proceedings in an equity suit between the plaintiff and two of the defendants seeking an injunction against defendants from cutting timber on the lands described in the deed was properly excluded, if for no other reason, because the decree in that case declined to settle anything; the bill being dismissed on the ground that plaintiff had not come into court with clean hands, and the parties were thereby left to their other remedies.

[5] That some of the defendants were laborers, who were entitled to a lien under and by virtue of Acts 1915, p. 374, which was at the time of the conversion unsatisfied either in whole or in part, was not admissible. Such liens, having arisen after and with a knowledge or notice of the existence of plaintiff's deed and contract, were subject to his rights.

[6] Nor could the suit in the inferior court of Sylacauga between Bridges and Rumsey, wherein Bridges was claiming $50 as the purchase price of some of this lumber and a notice to plaintiff under section 6050 of the Code of 1907, of the pendency of this suit, bar recovery in an action of trover. The rights of the plaintiff in an action of this character is in tort for damage sustained. True, he may waive the tort and claim the proceeds, but he is not required to do so.

Under the undisputed facts, the plaintiff was entitled to a judgment, and the trial court was correct in its first judgment. The judgment setting aside the judgment is reversed, and a judgment will here be entered reinstating the original judgment.