(109 So. 278)

## MORRIS v. CORONA COAL CO.
### (6 Div. 443.)

(Supreme Court of Alabama. April 8, 1926. Rehearing Granted June 24, 1926.)

**1. Evidence ⚡41.**

The Supreme Court takes judicial notice of date circuit court term expired, under Code 1923, § 6667.

**2. New trial ⚡117(3).**

Under circuit court rule 22 (Code 1923, vol. 4, p. 901) motion for new trial, made and called to court's attention after expiration of term at which judgment was rendered, *held* properly stricken.

**3. New trial ⚡117(3).**

Provision in circuit court rule 22 (Code 1923, vol. 4, p. 901) that court loses power over judgment after lapse of 30 days as completely as if term had expired, does not extend term as fixed by law for purpose of filing motion of new trial after term, but within 30 days from rendition of judgment.

**4. Trial ⚡28(1).**

Court has inherent power to permit jury to view locus in quo, provided it is done on proper protection against undue influence or parol testimony not given under oath.

**5. Trial ⚡28(1).**

Jury *held* properly permitted to view land, alleged to have been damaged by flowage, under supervision of sheriff, duly instructed by court, and in presence of representatives of litigants.

**6. Trial ⚡28(1).**

Court need not be present with jury viewing locus in quo under supervision of sheriff duly instructed by court.

**7. Appeal and error ⬅=1068(5).**

Refusal of instruction for plaintiff only becoming pertinent as to amount of damages in event of recovery *held* not error, where jury found issue of liability vel non for defendant.

**8. Trial ⬅=203(1).**

Parties may invoke action of court to instruct jury in several issues duly presented and supported by evidence.

**9. Trial ⬅=267(3).**

Remarks of court explaining instruction. *held* permissible, and not modification, within Code 1923, § 9509, as to giving and refusing of requested charges.

**10. Witnesses ⬅=275(2).**

It was competent on cross-examination of plaintiff, in action for damages to land, to show general depreciation of land values as of time of damages claimed and within prescribed time for bringing suit.

**11. Appeal and error ⬅=882(7).**

Any error as to method of examining expert witnesses used by defendant is not available to plaintiff, who had followed same method as to other witnesses.

**12. Trial ⬅=60(1).**

In action for damages to land by pollution of running waters, kind or nature of dam constructed and maintained by defendant, in order to be admitted in evidence, must be shown to have been same at time of trial as at time when damages were alleged to have been caused.

*On Rehearing.*

**13. Trial ⬅=260(6).**

Requested instruction, in action for damages to land, authorizing recovery for injuries caused by débris or polluted water, *held* properly refused, in view of other charges setting out complaint in detail and authorizing recovery if lands were injured.

**14. Trial ⬅=412.**

Admission of evidence prima facie irrelevant may be cured by subsequent introduction of necessary preliminary and connecting proof.

**15. Witnesses ⬅=372(2).**

Though cross-examination of defendant's witnesses relative to publications showing interest or bias should have been admitted, refusal was not abuse of discretion, in view of admissions of such witness as to his interest.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action for damages by S. N. Morris against the Corona Coal Company. From a judgment for defendant, plaintiff appeals. Affirmed on rehearing.

Charge 7, refused to plaintiff, is as follows:

"(7) The court charges the jury that, if you are reasonably satisfied from the evidence that within one year before February 24, 1922, lands of the plaintiff as described in the complaint were injured by coal dust, muck, or other débris, or polluted water caused to go upon or be placed upon said lands by the defendant, then the verdict of the jury should be in favor of the plaintiff."

Charge B, given for plaintiff, is as follows:

"B. The plaintiff is not entitled to recover in this case for any damage which occurred since the filing of the suit, but in arriving at what the damage was that was inflicted within the time covered by the suit, if any, wide latitude is allowed the jury in separating the damages which may have occurred within the time covered by the suit and that occurring since the filing of the suit in arriving at the amount of damages, if any, which did occur during the period covered by the suit."

In giving charge B the court stated to the jury:

"Now, gentlemen, this charge B states a correct rule of law and the court does not modify that charge, but in explanation of the charge the court feels that it would be proper to say that while it is true that under that condition the jury is allowed a wide latitude in separating the damage that occurred during the period for which damage is recoverable in the suit and the damage that occurred at another time, while that is true, you will not get the idea that you would be justified in awarding damages merely on speculation. The idea that because you cannot figure to a mathematical certainty damages is no reason why that you cannot separate the damages. But still you should be reasonably satisfied from the evidence that the damage which you assess, or for which you make an assessment, occurred during that period."

W. C. Davis and R. A. Cooner, both of Jasper, for appellant.

The motion for new trial should not have been stricken, but should have been considered on its merits. Code 1923, § 6670; Ex parte Highland Ave., etc., R. Co., 105 Ala. 221, 17 So. 182; Southern R. Co. v. Griffith, 177 Ala. 364, 58 So. 425; Mt. Vernon, etc., v. Judges, 200 Ala. 168, 75 So. 916; McCord v. Rumsey, 19 Ala. App. 62, 95 So. 268; North Birmingham, etc., Bank v. Hearn, 211 Ala. 18, 99 So. 177. Charge C stated a correct legal proposition and should have been given. Manning v. A. B. & A. R. Co., 206 Ala. 629, 91 So. 446; Kilgore v. State, 19 Ala. App. 181, 95 So. 906; Ex parte Ala. F. & I. Co., 212 Ala. 1, 101 So. 642. The procedure in allowing the jury to view the premises was error. Authorities ubi supra. The court's comment on given charge B was improper. 38 Cyc. 1, 767.

A. F. Fite, of Jasper, for appellee.

The motion for a new trial, having been filed after expiration of the term at which the judgment was rendered, could not be legally entertained by the trial court. Circuit court rule 22; Code 1923, § 6670; Monroe, etc., Exchange v. Harper, 20 Ala. App. 532, 103 So. 600; Ex parte Highland Ave. & Belt

---

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. Co., 105 Ala. 221, 17 So. 182; Southern R. Co. v. Griffith, 177 Ala. 364, 58 So. 425; McCord v. Rumsey, 19 Ala. App. 62, 95 So. 268. It was properly stricken. Southern R. Co. v. Cortner, 3 Ala. App. 400, 58 So. 84. The matter of allowing the jury to view the locus was within the discretion of the court. L. & N. R. Co. v. Wilson, 162 Ala. 588, 50 So. 188. There was no error in permitting defendant to cross-examine plaintiff as to a general depreciation in land values. Hodges v. Sanderson, 213 Ala. 563, 105 So. 652. Rulings on testimony of witness Cook were without error. McIntyre v. White, 124 Ala. 177, 26 So. 937; M. & B. R. Co. v. Ladd, 92 Ala. 289, 9 So. 169. There was no error in sustaining objection to the question propounded to witness Fies. Southern R. Co. v. Harrison, 191 Ala. 436, 67 So. 597.

THOMAS, J. The many assignments of error are properly grouped and argued. For convenience we will consider the same in the order of their presentation. The verdict and judgment was of date December 19, 1924, the acceptance of service of motion for new trial was of date December 27, 1924, and the motion was called to the attention of the court on that date and duly passed to January 5, 1925, for hearing. On that date:

"The case was called for hearing on the motion, when the defendant appeared and objected to any action being taken by the court on the motion, and moved the court to strike the motion, on the ground, among others, that the same was not filed until after the expiration of the term in which the cause was tried and verdict returned and judgment rendered. The case was then taken under advisement by the court and passed to January 12, 1925.

"And now on this day, after consideration, the court is of the opinion that the objection interposed by defendant to action on the motion is well taken, and that this court is without jurisdiction to hear and pass upon plaintiff's motion for a new trial. Accordingly, it is the order and judgment of the court that said motion for a new trial is null and void, and that the same be and it is hereby stricken from the files in this cause. This January 12, 1925."

[1-3] We judicially know that the term of the court at which the case was tried expired by operation of law on the last Saturday before Christmas of the year 1924, and that the new term began on the first Monday in January, 1925. Code 1923, § 6667; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Kyser v. American Surety Co., 213 Ala. 614, 105 So. 689. The motion was made and called to the attention of the court during the recess thereof, or after expiration of the term at which the judgment was rendered. Had the motion been filed before or on the date of the general order of continuance by the court of pending causes, it would not have kept alive the motion for a new trial or rehearing. It follows from the statute or the circuit court rule, and

215 ALA.—4

constructions thereof, that the action of the trial court on the motion was without error. Circuit Court Rule 22, Code 1923, vol. 4, p. 901; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Mt. Vernon Woodbury Mills v. Judge, 200 Ala. 168, 75 So. 916; Shipp v. Shelton, 193 Ala. 658, 69 So. 102; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Ex parte Margart, 207 Ala. 604, 93 So. 505; Southern Ry. Co. v. Griffith, 177 Ala. 364, 58 So. 425; Ex parte H. A. & B. R. Co., 105 Ala. 221, 17 So. 182. The statute provides that after the lapse of 30 days from the date on which the judgment or decree was rendered the court shall lose all power over it as completely as if the end of the term had been on that day; and, we add, unless the motion therefor was filed, called to the attention of, and passed by, the court before the adjournment of the term, and before the finality of the judgment or decree as provided by the statute after a lapse of 30 days from the date of its rendition. The provision of the statute for the lapse of 30 days as to such motions did not extend the term of the court as fixed by law, though the 30 days from rendition of a valid judgment or decree had not expired. See Ex parte Bozeman, 213 Ala. 223, 104 So. 402; Ex parte Brickell, Judge, 204 Ala. 441, 86 So. 1; McCord v. Rumsey, 19 Ala. App. 62, 95 So. 268; Monroe County Growers' Ex. v. Harper, 20 Ala. App. 532, 103 So. 600.

[4-6] The court has the inherent right to permit the jury to view the locus in quo—the land in this case that was alleged to have been damaged by the flowage—provided this was done upon proper protection against undue influence or parol testimony not given under the sanction of the oath of the court taken by the witnesses. The accredited representative of the court, the sheriff, was duly instructed by the court and was present, as were also the respective representatives of the parties litigant: Mr. Morris, for himself, and Mr. Shepard, together with one Tate, the chief engineer of the defendant company, representing the defendant. It is no valid objection that the court was not present. After the court had announced that "the jury would be permitted to go on the land involved in the suit, and examine and view same," counsel for the plaintiff interposed objection. The bill of exceptions then recites:

"The court overruled the said exception [objection], and stated further that the jury would be permitted to view the premises as before stated under instructions from the court to be given the jury and the sheriff. The plaintiff then and thereupon excepted to the ruling of the court in permitting the jury to view said premises as aforesaid. Thereupon the trial judge swore the sheriff of the county and put him in charge of the jury. Thereupon the court instructed the jury," etc.

In this ruling there was no error. In the court's instruction to the jury, among other things, it is said:

"I will direct you to communicate direct with the sheriff for any information that you want about seeing or viewing the land. If there is any information you need to enable you to get a view of the conditions, speak to the sheriff, and then he can take up with Mr. Morris and the representative of the other side so that you can get the view. The safer plan would be to let the communication be through the sheriff and the parties can communicate through the sheriff; remembering this, that you are there only to see and to express no opinion and engage in no discussion between any one, with Mr. Morris or the other side. You will not hear any remarks. The sheriff will show you the land. The court directs the sheriff to show these men the land and through the sheriff the parties will have the opportunity to call your attention to any condition that they want you to see, and not to discuss."

The conduct set up is contrary to the instructions of the court and was highly improper. Alabama Power Co. v. Hall, 212 Ala. 638, 103 So. 867; Manning v. A., B. & A. R. Co., 206 Ala. 629, 91 So. 446; Ex parte A. F. & I. Co., 212 Ala. 1, 101 So. 642. However, the motion for new trial, not being timely, was stricken, and the matters therein presented cannot be considered in this court.

[7] Refused charge A is fully and fairly covered by the oral charge of the court. The charge was predicated upon the fact whether the jury were reasonably satisfied of the right of the plaintiff to recover. Moreover, the jury found the issue of liability vel non for the defendant. The instruction only became pertinent as to the amount of damages in the event of a recovery. Furthermore, plaintiff had requested, and been given, charge A, declaring the rule of admeasurement of damages in the event of a recovery. The same observation may be made of the refusal of plaintiff's charge C. ·

[8] Refused charges 1, 3, 4, and 5 are fully and fairly covered by given charges 2 and 3. Such is not the fact as to refused charge 7. Complainant counted on damage by way of pollution of the water. This element of damage was adverted to in charge 7 and not in the given charges indicated. Charge 7 should have been given. Jones v. T. C., I. & R. Co., 202 Ala. 381, 80 So. 463; McCary v. McLendon, 195 Ala. 497, 70 So. 715. Cases of diversion and obstruction of water courses and the measure of damages are A. G. S. R. Co. v. Killian, 206 Ala. 541, 90 So. 906; N., C. & St. L. R. Co. v. Yarbrough, 194 Ala. 162, 69 So. 582. It is the right of the parties to invoke the action of the court to instruct the jury on the several issues duly presented and supported by the evidence. Lewis v. Martin, 210 Ala. 401, 417 (66), 98 So. 635. Count 1 claimed damages for pollution of the running waters—that they were made black and filthy and rendered useless for stock and domestic purposes and injurious to the land and harmful to the crops, etc., by reason of coal, coal dust, coal slack, slate, cinders, *muck, and other débris.* The given charges extend to the foreign matter or débris in said waters being deposited "onto the lands of the plaintiff." Charge 7 is broader in extending to the defendant's causing the waters so polluted to go upon or be placed upon the lands of plaintiff. The instruction of the court in the general charge on this point was to the extent of damage done to the land as such. It did not fully and fairly instruct on the liability and measure of damages as to pollution of the water so affecting its use for stock and domestic purposes and its becoming injurious to the crops growing or to be grown upon the land. The general expressions of the court, as set out by counsel for appellee, to the effect that if plaintiff's land was damaged as complained of under the conditions alleged the plaintiff would be entitled to a verdict, do not fully and fairly cover refused charge 7.

[9] The additional instruction given the jury as to the matter contained in charge B was not a modification thereof and within the limitations of the rule as to the giving and refusal of requested charges. The remarks of the court were merely an explanation thereof. Code 1923, § 9509; Callaway v. Gay, 145 Ala. 524, 39 So. 277; Barney Coal Co. v. Hyche, 197 Ala. 228, 72 So. 433; Walker v. State, 204 Ala. 474, 85 So. 787; Louis Pizitz D. G. Co. v. Cusimano, 206 Ala. 689, 91 So. 779.

[10] The cross-examination of plaintiff as a witness was free from error assigned. It was competent to show by him a general depreciation of land values as of the time of the damages claimed in the complaint and within the prescribed time to the bringing of the suit.

[11] Defendant's witness Cook having qualified as to the particular lands, and lands similarly situated and conditioned, was properly allowed to give his observations and experience as to the same and as to the said or like deposits affecting or interfering with "the productivity of the land." The plaintiff had followed the same method as to other witnesses. Therefore, if there had been error as to any of the questions, it was not available. Gibson v. Gaines, 198 Ala. 583, 73 So. 929; McIntyre v. White, 124 Ala. 177, 26 So. 937; M. & B. R. R. Co. v. Ladd, 92 Ala. 287, 9 So. 169.

[12] The kind or nature of dam or retainer constructed and maintained by the coal company at the time of the trial must have been shown to have been the same, or of like condition and effect, as at the time when the damages are alleged to have been caused; that is to say, the questions of fact must be limited to the time covered by the complaint and plaintiff's evidence, or the conditions must have been the same at the time of the trial as the time when the damages were alleged to have occurred. ·

The witness Fies was questioned as an ex-

pert and properly gave his judgment as to deposits from the washer, etc., and the effect thereof upon the immediate and lower lands subject to such flow or overflow. This witness should have been permitted to answer the questions on cross-examination as to certain publications appearing in the local papers as tending to show interest or bias, or facts which the law recognizes as having such a tendency. Ex parte State, in re Johnson v. State, 199 Ala. 255, 74 So. 366; Patton v. State, 197 Ala. 180, 72 So. 401; McAdams v. State, 21 Ala. App. 193, 106 So. 622. It was a proper cross-examination of the witness.

It is unnecessary to consider other assignments of error.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

On Rehearing.

THOMAS, J. [13] (1) The pleading and evidence have been re-examined. It is the opinion that the given charges 2 and 3 for appellant and the oral charge of the court fully and fairly covered the matter sought to be embraced in refused charge 7. In the oral charge the court said of the appropriate count of the complaint that set out in detail the nature of the alleged injury:

"Were the lands of the plaintiff damaged as complained of in his complaint and under the conditions alleged in the complaint so that the defendant would be liable? If so the plaintiff is entitled to a verdict. * * * *"

In view of the given charges indicated and this oral instruction when referred to this count of the complaint, there was no reversible error in refusing charge 7.

[14] (2) In connection with the question, "What kind of a dam have you got there?" to J. B. Thomas, the general superintendent for the De Bardeleben Coal Company, the objection of plaintiff being interposed, the defendant replied to the objection made, "that it would prove the dam is in the same condition as it was at that time." The court then stated to respective counsel, "That contingent on that proof the objection was overruled," to which action the plantiff duly excepted. In this there was no error. The offer to show the "like condition" was overlooked in examination of record on original hearing. The rule that the admission of evidence prima facie irrelevant may be cured by the subsequent introduction of the necessary preliminary or connecting proof, long prevailing in this jurisdiction, was thus complied with on the trial. Standard Motor Co. v. McMahon, 203 Ala. 158, 82 So. 188; Bigham v. State, 203 Ala. 162, 165, 82 So. 192; McCoy v. Watson, 51 Ala. 466.

[15] (3) The writer is of opinion that the cross-examination sought of the witness Fies might have been properly permitted. However, a re-examination of the record as illustrating the ruling complained of convinces us that there was not an abuse of discretion by the trial court and the denial of the right of a due cross-examination of the witness. This follows from the admissions of the witness that he was very much interested in the defense of the suit and that he had been rather active about or "in the preparation of the defense" of the instant suit. Thus was the interest or bias of the witness sufficiently shown. Nations v. Harris, 214 Ala. 339, 108 So. 29.

The application for rehearing is granted, and the judgment of the circuit court is affirmed.

Application granted; judgment affirmed.