177 So. 171

### TENNESSEE, A. & G. RY. v. CARDON.

### 7 Div. 272.

Court of Appeals of Alabama.

Oct. 5, 1937.

Rehearing Denied Oct. 26, 1937.

Reed & Reed, of Center, for appellant.

Savage & Savage, of Center, for appellee.

RICE, Judge.

This was an action by appellee against appellant for damages accruing, within one year, to appellee's land, and the destruction of crops growing thereon, by reason of the overflow of same, alleged to have been caused by the clogging or filling of ditches and culverts maintained by appellant along and under its railroad embankment. It is alleged that appellant, after notice of such condition, allowed or suffered it to remain.

It appears that appellant's line of railway traverses the land of appellee. The track involved is situated at the foot of a mountain.

In constructing the roadbed appellant threw up fills or embankments; cut ditches along the right of way to catch surface waters flowing from and across appellee's land; and ran culverts under the roadbed through which these waters might flow off.

So far as appears, these ditches and culverts were adequate, when kept open, to take care of the surface waters. But, according to appellee's evidence, they were caused or allowed to become clogged, and, as a consequence, surface waters were diverted back upon appellee's land, causing it to wash and erode, and to have sand, rocks, and mud deposited thereon.

In acquiring its right of way, appellant secured certain rights and assumed corresponding burdens.

 It had the right to construct and maintain its line of railway in accordance with the requirements of its business; but such right was subject to the restriction that it be used in such manner as not to impose unnecessary burdens upon its neighbors.

It is the settled law in this jurisdiction that the owner of the upper land has the right to the uninterrupted flowage of water embodied by falling rain; and that the proprietor of the lower land, to which the water naturally descends, has no right to make embankments whereby the current may be "averted and accumulated on the property of his neighbor."

So if, for the purpose of constructing a railroad, it becomes necessary to erect an embankment, a proper outlet or culvert must be provided, of ample capacity to carry off the flow of water.

The construction of adequate drainage in the first instance was not the limit of the appellant's (railroad company's) duty. Its obligation to its adjacent owner was a continuing one; and, if it failed to maintain its drainage system in such manner as to provide free flowage of surface water, and avert its accumulation upon the lands of appellee, it was liable.

The complaint, framed under the principles above set out, stated a cause of action. And if the essential allegations were sustained by proof, appellee was entitled to recover. Central of Ga. R. Co. v. Keyton, 148 Ala. 675, 41 So. 918; Ala. West. R. Co. v. Wilson, 1 Ala.App. 306, 55 So. 932; Ala. G. S. R. Co. v. Killian, 17 Ala.App. 124, 82 So. 572.

Whether or not any injury was done to appellee's property, and the extent of it, were questions for the jury.

It was permissible for appellee, as a means of proving his damages, to adduce testimony that his land was overflowed, and the extent thereof; that the land was arable, what its value was, and such other particulars and facts as would enable the jury to form an opinion to be reflected in their verdict. Hames v. Brownlee, 63 Ala. 277; Central of Ga. R. Co. v. Keyton, supra.

After a careful examination of the entire record, and attentive consideration of the errors assigned with argument made thereon, we have been unable to find any ruling presented prejudicially erroneous to appellant, when such ruling is tested by, and viewed in the light of, the foregoing general principles of law.

We are not impressed that any of the assignments merit separate discussion. The questions presented in the court below, and, on the appeal, were, and are, essentially questions of fact. They were properly submitted to the jury in the first instance; and we are unable to say that the jury's conclusion, based upon conflicting evidence, should be disturbed.

Let the judgment of the circuit court stand affirmed.

Affirmed.